Tindall's Executors *v.* Tindall.

TINDALL'S EXECUTORS, appellants, and TINDALL, respondent.

1. The general rule is, that the residuary legatee is entitled as well to a residue caused by a lapsed legacy, as to what remains after payment of debts and legacies. The only exception to the rule is where the words used show an intention, on the part of the testator, to exclude the lapsed legacy from the operation of the residuary clause.

2. Where, after a legacy to his wife, and certain general legacies, the testator gives "whatever of my property shall remain after payment of the above," to his residuary legatees, and the legacy to the wife lapses by her death in testator's lifetime, such legacy falls into the residue, and does not go to the next of kin.

The opinion of the Chancellor is reported in 8 *C. E. Green* 244.

*Mr. I. W. Scudder,* for appellants.

*Mr. J. R. Emery,* for respondent.

The opinion of the court was delivered by

DALRIMPLE, J.

The question in this case is whether a certain lapsed legacy of $5000, given in and by the will of Aaron Tindall, deceased, falls into the residuum of the estate and goes to the residuary legatees, or remains undisposed of and is to be distributed among the next of kin of the testator.

The will, after directing the payment of debts and funeral expenses, and the sale and disposition of all testator's property, real and personal, which he might own at the time of his decease, and the collection of the moneys due him, gives to his wife Ann, in lieu of her right of dower at common law, the said legacy of $5000. After certain general legacies and bequests, the residuum of the estate is disposed of as follows: " I give and bequeath whatever of my property shall remain after payment of the above, and due settlement

of all my business, to my two friends, John H. Manning, to him, his heirs and assigns, and to Edward Paxton, to him, his heirs and assigns." The residuary legatees are appointed executors. The testator having survived his wife, the legacy of $5000 to her lapsed. This suit is brought by one of the next of kin of the testator, to recover a share of the legacy which has thus lapsed, and his right to recover is put upon the ground that as to the $5000 in question the testator died intestate.

The rule applicable to the question to be solved, as stated in the text books, as well as in many adjudged cases, is that the residuary legatee is entitled as well to a residue caused by a lapsed legacy, or an invalid or illegal disposition, as to what remains after payment of debts and legacies. The only exception to the rule is, that where the words used show an intention on the part of the testator to exclude from the operation of the residuary clause certain portions of the estate, such intention as gathered from the whole will must not be defeated. Or the rule, embracing the exception, as stated in some of the books, is that the residuary legatee must be a legatee of the residue generally, and not partially so only. The rule is so firmly established, that citation of authority in its support is hardly necessary. I will, however, refer to the following text books and adjudged cases : 2 *Roper on Legacies* 1672 ; 2 *Williams on Ex'rs* 1313 ; *Easum* v. *Appleford,* 5 *My. & Cr.* 56 ; *King* v. *Woodhull,* 3 *Edw. Ch.* 86 ; *James* v. *James,* 4 *Paige* 117 ; *Banks* v. *Phelan,* 4 *Barb.* 90 ; *Cambridge* v. *Rous,* 8 *Ves.* 25 ; 2 *Redfield on Wills* 442.

The learned Chancellor, in the court below, held that the case now before us came within the exception to the general rule, because the estate given was that which should remain after payment of the legacies before given. But I cannot see that this form of expression in any wise limits or restricts the extent of the gift. The clause would have had precisely the same meaning and effect if it had been, in terms, of the residue of the estate. All that the testator could give to his residuary legatees, was what remained of his estate after payment of debts and particular legacies. The legal effect is precisely

the same, whether the one form or the other is adopted. The Chancellor bases his opinion upon what he conceives to be the rule as laid down in *Williams on Executors, Vol.* 2, *p.* 1315, and in *Roper on Legacies, Vol.* 2, *pp.* 1679, 1682. He also cites the case of *The Attorney-General* v. *Johnstone, Ambler* 577. Exactly what Mr. Williams states the true rule to be, is as follows : " The testator may, by the terms of the bequest, narrow the title of the residuary legatee, so as to exclude him from lapsed legacies ; as when it appears to be the intention of the testator that the residuary legatee should have only what remained after the payment of legacies." Mr. Roper states the exception to the general rule, in the following language : " When the legatee is not generally, but only partially, residuary legatee, he will not, in that character, be entitled to any benefit from lapses, though very special words are required to take a bequest of the residue out of the general rule ; as, first, when it appears the testator intended the residuary legatee should have only what remained after payment of legacies." If these authors intend to say, (which to my mind is by no means clear) that when the clause of the will giving the residuum of the estate contains, or has annexed to it, the words " after payment of debts and legacies," the settled rule of construction is that lapsed legacies are not embraced, but that as to them the testator is to be held as having died intestate, I cannot yield my assent to the proposition. The cases cited by the authors referred to, do not support such a doctrine, while there are several well considered cases to the contrary.

Vice-Chancellor Wood, in the case of *Bernard* v. *Minshall, Johns. (Eng. Ch.)* 276, 299, says : "All you have to consider is whether the property is excepted, in order to take it away, under all circumstances and for all purposes, from the person to whom the rest of the property is given ; or whether it is excepted, merely for the purpose of giving it to some one else. If the latter, and the gift to somebody else fails, the donees of all except this property are entitled to take the whole."

In *Roberts* v. *Cooke*, 16 *Ves.* 451, it was held that a general disposition of personal estate not therein before specifically disposed of, comprehended specific legacies lapsed ; the word specifically being held to mean particularly.

In the case of *King* v. *Woodhall*, 3 *Edw. Ch.* 79, 84, the form of the bequest was, " the residue and remainder of my estate, if any there shall be, after the payment of the said $1600 to the Missionary Society, I give and bequeath to the children of my niece." And it was held broad enough to embrace as well the legacy to the Missionary Society, which it was claimed was void, as a bequest to a mission school, which was held to be ineffectual. Vice-Chancellor McCoun, in his opinion in that case, says : " The words 'after payment of debts and legacies,' or after payment of legacies specified or recapitulated in the residuary clause itself, are not restrictive of the bequest to any particular or partial residue ; but the bequest after all is general of the remainder, and may be so understood without doing violence to the expressions of the will. Where the residuary clause is thus worded, the legatee is as much a general legatee of the residuum of the estate as if such words were not used."

In *Shanley* v. *Baker*, 4 *Ves.* 732, the words were, all the rest and residue of my estate and effects " not by me herein before particularly disposed of ;" and they were held to embrace a lease-hold property given as a legacy, which, by the statutes of Mortmain, was void. To the same effect is the case of *Brown* v. *Higgs*, 4 *Ves.* 709.

The case of *The Attorney-General* v. *Johnstone*, reported in *Ambler* 577, was not decided upon the ground that the residuary bequest contained words of import similar to those now under consideration, for it did not, but the conclusion reached in that case was that from the whole context of the will it was evident that the testator did not intend that the void legacy should in any event become a part of the residuum of his estate. The syllabus of the case which very well shows the point decided, is, " Residue under particular circumstances will not take in lapsed legacies ; the residue being given as a

small remainder of about £100, and the lapsed legacies amounting to £20,000."

I have not been able to see anything in the residuary clause, when taken by itself, or in the context of this will now before us, which will authorize the result sought by the complainant. It seems to me quite evident that the testator did not intend to die intestate as to any part of his property. He gave the legacy of $5000 to his wife, to be accepted at her option, in lieu of her right of dower in his estate. If she should decline to accept it on these terms, or if by reason of her death in the lifetime of her husband it lapsed, the will of the testator, as ascertained from the well settled meaning of the words he has used, was, that the lapsed or rejected legacy should go into and form part of the residue of his estate.

For the reasons above stated, the decree below must be reversed, and the complainant's bill dismissed, but without costs in this court or the court below.

For reversal—THE CHANCELLOR, BEASLEY, C. J., BEDLE, CLEMENT, DALRIMPLE, DEPUE, GREEN, SCUDDER, VAN SYCKEL, WOODHULL. 10.

For affirmance—None.