WILLIAM M. WALTON et al., surviving executors, &c., complainants,

*v.*

SAMUEL T. WALTON et al., defendants.

[Decided July 23d, 1907.]

Testator in one clause of his will gave a sum of money to trustees, to pay the income to his daughter C. during her life, and directed that on her death the fund should be divided among her children, and provided that in case no children survived her she might dispose of the fund by will. Another clause gave the residue of the estate to testator's wife. C. died without issue, and without exercising her power of appointment by will. At the date of the execution of the will C. was thirty years of age and unmarried. Another clause of the will provided that, in case of the death of a certain legatee for life without issue, the fund given such legatee should go over to testator's children.—*Held*, that testator supposed that the power of disposition given to C. resulted in an absolute final disposition of the fund, and the gift of the residue did not include the legacy to C., but as to the same testator died intestate.

On final hearing on bill, answer and proofs.

*Mr. Elmer W. Demarest* and *Mr. Philip F. Bolzong,* for William M. Walton et al.

*Mr. Edward M. Colie,* for Samuel T. Walton et al.

*Mr. Charles A. Reed,* for Robert E. Pendleton, administrator.

PITNEY, ADVISORY MASTER.

This is a triangular contest between the next of kin of Elisha L. Walton, late of the county of Hudson, deceased, and the beneficiaries under the will of Mary L. Walton, who was the widow of the said Elisha L. Walton, and Robert E. Pendleton, who was the surviving husband and administrator of Caroline M. Pendle-

ton, who was one of the children of the said Elisha L. and Mary
L. Walton.

Elisha L. Walton died in 1873, testate of a will.

His widow, Mary L. Walton, died in 1894, testate of a will,
and Caroline M. Pendleton died intestate and without issue in
1902.

The contest in the cause is over a sum of $8,000, which re-
mains, after certain losses, out of a sum of $10,000, in the hands
of the executors of Mary L. Walton, who file this bill.

The contest arises out of two clauses in the will of Elisha L.
Walton, namely, item eight and item fifteen.

Item eight is as follows:

"*Item 8.* I give and bequeath unto my executors and the survivors
and survivor of them the sum of ten thousand dollars in trust to invest
the same and keep the same invested and to pay the interest and income
thereof semi-annually to the sole and separate use of my daughter, Caro-
line Matilda Walton, during her natural life, and upon and immediately
after her decease the said sum of ten thousand dollars shall be equally
divided between her children share and share alike, but if at the time
of her decease she shall have no children her surviving, then and in such
case she shall be at liberty to dispose of the said sum of ten thousand
dollars by her last will and testament."

The fund therein provided for was set aside and kept in the
hands of the executors of Elisha L. Walton, one of whom was
his widow, Mary L. Walton, and after her death was retained by
her co-executor, William M. Walton, who was also one of the
executors of the will of Mary L. Walton.

The fifteenth clause of the will of Elisha L. Walton is as
follows:

"*Item 15.* I give, devise and bequeath all the rest, residue and re-
mainder of my estate, both real and personal, of every name and nature
whatsoever, to my beloved wife, Mary Louisa, to have and to hold the
same to her and her heirs forever."

The said Caroline M. (Walton) Pendleton not only died with-
out issue but she did not, at any time, exercise the power of
appointment by will given to her by the eighth item of her
father's will.

The result is that the sum of money here in question did not pass to her and her administrator took no interest therein. The cases of *Downey* v. *Borden, 36 N. J. Law (7 Vr.) 460,* and *Pratt* v. *Douglas, 38 N. J. Eq. (11 Stew.) 516,* are conclusive on that subject and this result was not disputed by counsel for her administrator.

The sole question in the cause is whether, under the circumstances of this case, the fund passed under the residuary clause to the original testator's widow.

If so, it passes under the terms of her will to the beneficiaries thereunder.

If it did not pass under the residuary clause then the first testator died intestate as to that sum of money and it goes to his next of kin.

The question then is this : What did the testator mean by the words, in the fifteenth item of his will, "all the rest, residue and remainder of my estate, both real and personal, of every name and nature whatsoever ?"

In ascertaining the intention of the testator here, as in all other cases, we must examine the admitted circumstances and consider each and every part of the will.

He left four children and he made separate provision for each one, and also for several relatives, by giving specific sums of money. He gives nothing in shares. It follows that he naturally felt that there might and probably would be a residue after making provision for the several legacies given to his children and relatives.

The testator's daughter, Caroline M. Walton, was the youngest of the family, and was, at his death, a young lady about thirty years old. She was unmarried. He gave her a life estate in $10,000 with remainder to her children, if she had any, and with power of disposition, by will, over the fund if she left no children. Now, in ascertaining the condition of the testator's mind it seems to me extremely difficult to suppose that he, at that time, anticipated that his widow would survive his daughter and that his daughter would die in his wife's lifetime without exercising her power of disposition. Putting one's self in the place of the testator, is it possible to believe that he supposed that under any

contingency the provision for his daughter would pass under the words "rest and residue?" Are we not, then, compelled to believe that when he came to the fifteenth clause of his will to dispose of the rest and residue he excluded from that rest and residue the previous legacies which he had given to a considerable amount and that he included in that exclusion the provision for his daughter Caroline?

In answering this question we must not forget that we are to inquire, not what the testator meant to say, but what he meant by what he did say.

The will is drawn by a draughtsman who was familiar with all the verbiage in ordinary use by such artists. There is no ambiguity or lack of clearness in any of the language, nor is there any evidence of haste or lack of deliberation, or any failure on the part of the draughtsman to express all that was given him to be expressed.

It is quite impossible to believe that the testator's attention was called to the possibility that the gift to his daughter might fail by reason of her neither having children nor using the power of disposition plainly given. The precision with which all the provisions are expressed and the completeness of the expression indicates that the failure to provide for the contingency which has happened was due to an absence of any will or intention on the part of the testator to make such provision.

In item eleven of the will we find that the testator makes a provision for a life interest in a fund for his sister, Rebecca, for her life and then provides that at her death that legacy should be divided between his four children, with a full provision that in case of the death of either of those four children the issue of each of them should take the share of their parents.

Then, by the sixth item of his will, he made a provision for a legacy for his granddaughter Elizabeth, for her benefit during her life and at her death the sum to be divided between her children, but if she died without children, "then the said sum of two thousand dollars shall be equally divided among such of my children as shall then be living," &c. By the seventh item he gives the sum of $10,000 to be invested for the benefit of his daughter, Mrs. Brown, during her life and at her death the same to be

equally divided among her children, but if she left no children surviving her then that daughter should be at liberty to dispose of said sum by her last will and testament.

Then follows the provision for his daughter Caroline, here in question.

It thus appears that the attention of the testator was in several instances called to the contingency of the legatee for life dying without children, and in one case he provides that the money shall go over to his children, and in two cases he provides that for want of children the legatee for life shall have the power of disposition by will.

Now, it seems to me that these circumstances show that the testator supposed that the power of disposition by will resulted practically in an absolute final disposition of the fund and that he did not suppose that there was any occasion for any farther disposition of either of those legacies for life, and that in fact he entertained no will or wish as to the disposition of his property in the contingency which has arisen in the present case.

The conclusion to which I am compelled is that the testator did not intend to include, and that we are not driven by any hard and fast rule of construction to the conclusion that he did intend to include in his gift of the residue, the legacy here in question.

I have examined a great many authorities found in the books on this subject and I find none that govern the present case, and I merely repeat what has been said frequently of late years, by judges, that the construction of a will should be governed by the language itself with the circumstances and not by precedents, unless they be precisely the same.

One class of cases may be mentioned and that is those of lapsed legacies, such as *Tyndall* v. *Tyndall, 24 N. J. Eq. (9 C. E. Gr.) 512.* They constitute a class by themselves. The present case is not in that class. The legacy here took effect. The intention of the testator as to it has been entirely carried out. I can find nothing in the will that shows that he had any further intention in regard to it.

I will advise a decree that the testator died intestate as to this fund and it will be disposed of accordingly.

As before remarked, the testator's will is clear that his daughter Caroline took no more than a life estate in the fund, hence her personal representative is not entitled to any share of it.