JOHN FRASER KEMPSON

*v.*

LUCY C. HOSKINS et al.

[Decided November 19th, 1917.]

1. Under the terms of the will to be construed there should be a sale of *The Insurance Times* and the proceeds thereof divided.

2. A power given in the will to testator's children to decide whether the paper should be continued after the termination of the life estate created by the will is violative of the rule against perpetuities.

———

On bill for construction, answers, cross-bill and proofs.

*Messrs. Collins & Corbin,* for the complainant.

*Messrs. Smith, Mabon & Herr,* for the children of St. George Kempson, deceased, defendants.

*Mr. John K. English,* for Marian R. Brush, defendant, and Edward F. Brush, administrator of Julia H. Kempson, deceased, defendant.

*Mr. John A. Coan,* for Aylin Pierson, defendant.

*Mr. Charles O. Truex,* for Charles M. Van Cleve, administrator, &c., defendant.

LEWIS, V. C.

The bill of complaint in this cause was filed February 25th, 1916. It was afterwards amended in some trifling particulars. Answers were filed for the defendants, St. George Kempson, Peter Tertius Kempson, Julia Cornelia Carter, Eber Hall Kempson, Grover Cleveland Kempson, Helen A. Kempson, John Monroe Whitman Kempson and Agnes Emily Kempson, infants,

by their guardian, Helen A. Kempson; Sarah Adele Gladys Halstead and Helen Hall Mitchell, Charles M. Van Cleve, administrator of James A. Van Cleve, deceased; Marian R. Brush, and Edward F. Brush, administrator of Julia H. Kempson, and the defendant Aylin Pierson, who appended to his answer a cross-bill against the complainant, and to this the complainant filed a special replication.

The bill was taken as confessed against the defendants, Lucy C. Hoskins, Truman T. Pierson, Amy Norma Pierson, Esther Noble Pierson, John Noble Pierson, John Noble Pierson, executor of and trustee under the last will and testament of Lucy C. Pierson, deceased; John Noble Pierson, guardian of Amy Victoria Pierson and George Alden Pierson; and also against Malcolm Boylan Kempson, and against Grace Duffie Boylan Geldhart, individually and as executrix of the last will and testament of St. George Kempson, deceased, by order of this court made on November 15th, 1916.

The complainant is one of the sons of Peter Tertius Kempson, who died in the county of Middlesex, New Jersey, on the 25th day of September, 1890, having made his last will and testament, which was admitted to probate by the surrogate of that county.

The pertinent parts of the will read as follows:

"First. I direct and desire that my executors hereinafter named, as soon after my death as the same can be done with a due regard to the interests of my estate to *pay all my just debts* and funeral expenses, as the same may be presented and approved.

"Second. I give, devise and bequeath to my beloved wife, Julia H. Kempson, all my household furniture, books, pictures, plate and articles useful and ornamental, except as hereinafter otherwise devised, together with all horses, carriages, harness, and stable equipments, farming tools, and stock of every kind, with all money standing to my credit in the Union Trust Company in the city of New York, and also in the American Exchange Bank, to have and to hold the same, to the said Julia H. Kempson and her heirs forever.

"Third. I give and bequeath to my beloved daughter Lucy Clara Pierson, wife of John Noble Pierson, my piano, one music stool and all my music, bound or unbound, now in my residence in Metuchen, New Jersey, also a small table bought for the purpose of holding music, and standing beside the piano, also the one large photographic portrait of Lucy's mother, to have and to hold the same to her and to her heirs forever. And I further give and devise to my said daughter Lucy Clara Pierson,

the full sum of six hundred dollars, and direct and request my executors hereinafter named, to pay the same into the Seaman's Bank for Savings in the City of New York, in trust for the said Lucy Clara Pierson, and to pay the same to her in half-yearly instalments of one hundred dollars with interest earned by the Bank.

"Sixth. To my son St. George Kempson, I give and bequeath my watch and its appendages, and also my family Bible, and my field glass, as tokens of love and remembrance.

"Seventh. I give, devise and bequeath to each of my sons, St. George Kempson, and John Frazer Kempson, the sum of Five hundred dollars, to be paid to them as soon after my decease as can be done with due regard to the interests of my estate, as tokens of love and affection.

"Ninth. I give, devise and bequeath to Frederick R. Coudert of the City of New York, D. A. Heald of the City of New York, President of the Home Insurance Company, Roger V. Bonnell, of Metuchen, Middlesex County, State of New Jersey, and Levi W. Norton of Rahway, New Jersey, all the rest, residue and remainder of my estate both real and personal, not hereinbefore disposed of, or hereinafter specified, to have and to hold the same, in trust however, for the uses and purposes hereinafter specified and directed.

"My said executors and trustees shall take and hold all the rest residue and remainder of my estate real and personal, with all the rents, use, interest and profits of the same, for the sole use, benefit and advantage of my said beloved wife Julia H. Kempson during her natural life, or so long as she may remain *my widow*, and I enjoin and direct my said executors and trustees named to keep the premises in good repair and condition, and to keep said real estate free and discharged from any and all incumbrances by taxation or assessment.

"On the death or remarriage of my beloved wife Julia H. Kempson, I will and direct that my estate both real and personal, shall be divided, share and share alike between Lucy Clara Pierson, St. George Kempson and John Frazer Kempson, but if any of my children above named shall die before the happening of such event, leaving lawful issue, I then direct that the share to which such deceased widow or child have been entitled if living, to be paid such lawful issue as such deceased widow or child may leave.

"Whenever in the judgment of my trustees herein named, or any two of them, it shall be deemed expedient, and for the best interests of my estate, to sell the whole of any part thereof of which I may die possessed, I then authorize and empower my said trustees, or any two of them, to sell or dispose of the same, or any part thereof, and to make good and sufficient deeds therefor; but the proceeds of such sales shall be re-invested by said trustees either in good bonds and mortgages upon unincumbered real estate or in bonds of the United States or of the City of New York, the interests and profits thereof to be applied by my said trustees precisely as though no change has been made in said property or estate. If at any time it shall happen that funds belonging to my estate shall be accumulated in the hands of my trustees from any source, they are hereby authorized and required to invest the same upon bond and mortgage upon unincumbered real estate or property that shall be deemed

a sufficient security, or in United States Government bonds, or in bonds of the City of New York, preference being given to mortgage securities if the same can be obtained, and pay the income as above provided.

"From all the provisions of the preceding clauses I except my interest in *The Insurance Times* newspaper, its good will, contracts and all business therewith or which may become connected therewith, or so much of such business, including money in hand or in Bank, and all debts due as I may owe at the time of my decease, and I direct that my interest in and control of said business pass into the hands and charge of my executors, the business to remain intact so long as my wife Julia H. Kempson may live or remain unmarried, the property at her death or remarriage, to be sold to the highest bidder or at private sale, or *continued and conducted as my heirs may jointly decide, the will of the majority,* exclusive of grand children, ruling; but until such time all profits arising from such business are to belong to my said wife, with the exception of Eight Twentieths thereof, three twentieths of which shall be paid semi-annually to my daughter Lucy Clara Pierson; three twentieths to be paid semi-annually to my son St. George Kempson, and two twentieths thereof to be paid semi-annually to my son John Frazer Kempson; And should my said wife again marry, I will and direct that all her right and interest in such property shall thereupon terminate.

"With regard to my son St. George Kempson's connection with *The Insurance Times,* I wish that my wife will continue the arrangement at present existing, and that as soon *as it may seem best* to my trustees, *and* Mrs. Kempson, some specific arrangement be entered upon with my said son St. George Kempson, so that he *may* have a permanent interest in *The Insurance Times,* of course under the direction and subject to the control of Mrs. Kempson, whenever she chooses to exercise that control.

"And with regard to Mr. James A. Van Cleve, I hereby desire to express my satisfaction with his conduct of the business under the present arrangement with *The Insurance Times,* and as soon as may be *convenient* I should wish that Mr. Van Cleve have some interest in the success and profits of said *Insurance Times.*

"I wish no power given to any of my children legatees to examine the books or accounts of *The Insurance Times,* but they must be satisfied to abide by whatever my trustees consider a true and just estimate of the profit arising therefrom.

"Lastly. I hereby constitute and appoint Frederick R. Coudert, of the City of New York, D. A. Heald, Roger V. Bonnell and Levi W. Norton, above named, Executors and Trustees under this my last will and testament."

The prayer of the complainant as prayed by his bill is:

(1) That this court determine whether the children of St. George Kempson have any interest in *The Insurance Times,* or the proceeds of sale thereof, if sold; or whether the assignment made by him in his lifetime to Julia H. Kempson and James A. Van Cleve passed the entire interest in that paper, its

income or avails of sale, and, if so, whether that interest is now vested in Charles M. Van Cleve as administrator of James A. Van Cleve, deceased, and Edward F. Brush as administrator of Julia H. Kempson, deceased, and Marian R. Brush as only child and next of kin of Julia H. Kempson, deceased, by reason of said assignment of St. George Kempson to Julia H. Kempson and James A. Van Cleve.

(2) That it be determined whether Grace Duffie Boylan Kempson, widow of St. George Kempson, deceased, and Malcolm Boylan, her son by a former husband, and one of the legatees named in St. George Kempson's will, are entitled to any interest in the said *Insurance Times,* and, if so, what interest.

(3) That Charles M. Van Cleve, administrator of James A. Van Cleve, deceased, file an account in this court of his administration of the *Insurance Times* during his trusteeship.

(4) That complainant may be appointed trustee for the said *Insurance Times* under the provisions of the will of Peter Tertius Kempson, deceased, in the place and stead of James A. Van Cleve, deceased.

(5) That it may be established by decree of this court whether or not it is to the interest of all who may be decreed to have an interest in the said *Insurance Times* that its publication should be continued under the direction and management of complainant as trustee, and that it may be determined when and under what conditions, if any, the *Insurance Times,* its good will and business, should be sold.

(6) That the ninth paragraph of the will of Peter Tertius Kempson be construed by this court as to its meaning regarding sale of said publication, its good will and business.

None of the trustees or executors qualified as such or accepted the trust, and St. George Kempson, one of the sons of the testator, and James A. Van Cleve were appointed administrators with the will annexed on November 15th, 1890.

On September 21st, 1893, Julia H. Kempson, Lucy C. Pierson and the present complainant in this cause filed a bill in this court praying for the appointment of a trustee or trustees and an accounting by the administrators, and James A. Van

Cleve was thereupon appointed sole trustee to execute the trusts relating to *The Insurance Times.*

The first question to be decided in this case is whether the testator died intestate so far as the final disposition of *The Insurance Times,* after the termination of the particular estate, is concerned.

I have had no difficulty in reaching the conclusion that the testator died intestate so far as that is concerned.

Under our intestacy laws his three children would, immediately upon the testator's death, have a vested interest, the enjoyment of which, however, would be postponed until the termination of the particular estate, excepting so far as they were to receive under the will a portion of the profits during their stepmother's lifetime, when the particular estate was to terminate. It therefore follows that the children could at any time after the death of their father, the testator, dispose of all or any portion of their interest. Two of the children of the testator predeceased their stepmother. Under their father's will they were to get a certain proportion of the profits from the newspaper during their stepmother's lifetime. The will makes no provision for the disposition of their profits from the newspaper during the period between the death of the children and the stepmother, in case she outlived them. It will be remembered that the testator gave twelve-twentieths of the profits from the newspaper to his wife, and the balance to his children, in the proportions mentioned in the will. Lucy Clara Pierson, the daughter of the testator, died on May 1st, 1897; St. George Kempson died on August 12th, 1907, and Julia H. Kempson, their stepmother, died August 13th, 1913. After the death of any of the children and until the death of the stepmother, that is to say, the termination of the particular estate, I think that the profits which would have gone to the children of the testator during the period between their death and that of the stepmother should go with the principal and be divided among the next of kin, unless the children of the testator had disposed of all of their interest prior to their death, and in that event the person or persons who bought out the interest of the child or children would be entitled to everything to which the child or

children would have been entitled. As a result, I find that the assignment by St. George Kempson, one of the children of the testator, in writing, under his hand and seal, dated December 30th, 1893, wherein he assigned, transferred and set over to Julia H. Kempson, his stepmother, and James A. Van Cleve, who afterwards became the trustee, his interest in *The Insurance Times,* including the good will, contracts and other business connected therewith, accounts and bills receivable, to have been a valid assignment of all his interest in the same, and I find that his wife and children have no interest whatever, but it was vested in the stepmother and the trustee appointed after the assignment who had purchased his interest for good and valuable consideration, and as the trustee, James A. Van Cleve, and Julia H. Kempson are now dead, the administrator and the only child of Mrs. Julia H. Kempson are entitled to the undivided one-half part of said interest; and the other undivided one-half part of such interest belongs to the estate of James A. Van Cleve.

The complainant is the only living child of the testator, and he sets up that under the will he has the sole right to decide whether *The Insurance Times* shall be sold or continued. Under the fifth paragraph of the ninth section of the will the testator gives this power to his children to decide for themselves at the termination of the particular estate, the majority ruling. The point has not been raised by counsel, but I am of the opinion that so far as continuing the paper is concerned it is violative of the rule against perpetuities.

The bill prays that Charles M. Van Cleve, administrator of James A. Van Cleve, file an account in this court of his administration of *The Insurance Times* during his trusteeship. That will be the order.

My conclusion is that there should be a sale of the paper and a division of its assets among those entitled thereto, and I shall advise a decree to this effect.