JOHN FRASER KEMPSON, complainant-respondent,

*v.*

GROVER C. KEMPSON et al., defendants-appellants.

[Argued March 12th, 1918. Decided June 17th, 1918.]

The will of Peter Tertius Kempson consists of six paragraphs or items, numbered first, second, third, sixth, seventh, ninth; after disposing of the residuary estate, this clause appears: "From all the provisions of the preceding clauses I except my interest in The Insurance Times newspaper, its good will," &c.—*Held,* that Peter Tertius Kempson died intestate, as to his interest in "The Insurance Times."

---

On appeal from a decree of the court of chancery, reported in *88 N. J. Eq. 153.*

*Messrs. Smith, Mabon & Herr,* for the appellants.

*Mr. Charles O. Truex* and *Mark Townsend, Jr.,* for the respondent Charles M. Van Cleve, administrator.

*Mr. John K. English,* for the respondent administrators of Julia H. Kempson.

The opinion of the court was delivered by

BLACK, J.

A bill in this case was filed in the court of chancery for the construction of certain items of the will of *Peter Tertius Kempson,* who died September 25th, 1890. The property affected is the estate or interest in certain personal property, consisting of a newspaper called "The Insurance Times." The contest is over the one-third ($1/_3$) interest in "The Insurance Times." The appellant's brother St. George Kempson, a son and legatee, under the will of Peter Tertius Kempson, on the 30th day of December, 1893, assigned his one-third interest in "The Insurance Times" to his step-mother, Julia H. Kempson, and James A. Van Cleve. He died August 12th, 1907, leaving a will in which he bequeathed his property to his wife and children. The question, therefore, is whether the assignment made by St. George Kempson, on the 30th day of December, 1893, is legal, that in turn depends upon the question whether Peter Tertius Kempson died intestate, as to this item of "The Insurance Times," because, if he did, then St. George Kempson had legal power to make the assignment of December 30th, 1893.

The assignees and their heirs, the respondents, have a legal title. The court of chancery held that Peter Tertius Kempson died intestate, as to "The Insurance Times," and that St. George Kempson made a valid assignment of all his interest in "The Insurance Times." We think the court of chancery reached a right conclusion and the decree of the court of chancery should be affirmed.

The reason on which this conclusion is based, in brief, is this: The will of Peter Tertius Kempson consists of six paragraphs, or items—number first, second, third, sixth, seventh, ninth— the first five being single paragraphs, making specific bequests. The ninth paragraph is composed of eight distinct sections, although not numbered. The first four refer to the disposition

of the residuary estate by the following clause: "All the rest, residue and remainder of my estate, both real and personal, not hereinbefore disposed of, or hereinafter specified, to have and to hold the same in trust," &c.   *   *   *   The last four relate specifically to "The Insurance Times"—the conduct of the business connected therewith. Then follows this clause: "From all the provisions of the preceding clauses, I except my interest in The Insurance Times newspaper, its good will," &c.   From these clauses, read in connection with the entire will, we think the conclusion is irresistible that the testator's intention, as gathered from within the four corners of the will, to use a picturesque phrase, in the law of wills, was to exclude "The Insurance Times" from the residuary clause, that Peter Tertius Kempson died intestate, as to his interest in "The Insurance Times." Failing to make subsequent provisions for its ultimate disposal. That the will must furnish the basis for construction is elemental.

It can make no difference, whether the testator through ignorance or inadvertence fails to dispose of all his estate. The courts cannot supply the omission. The province of the courts is to construe, not to make wills. *Tyndale* v. *McLaughlin, 84 N. J. Eq. 657; 95 Atl. Rep. 119.*

The decree of the court of chancery is affirmed.

*For affirmance*—The Chief-Justice, Swayze, Trenchard, Parker, Bergen, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner—12.

*For reversal*—None.