This matter comes before the court on a petition filed by the executors and trustees under the will of Isaac Gluckman, who died in 1915. The probate of his will was contested and it was finally ordered admitted to probate by the court of errors and appeals as reported in In re Gluckman's Will, 87 N.J. Eq. 638. As the court there stated, the only question before it was that of probate of the will and not of construction of its terms. In 1918 Rose Gluckman, Isaac Gluckman's widow, filed her bill herein for a construction of the will. A decree was entered on June 10th, 1919, directing that all the net income from the trust estate created by the will should be paid to the widow, but expressly reserving all other equities. The matter now before this court is on an order to show cause based upon a petition made by the *Page 523 
executors and trustees, for instructions whether the will should not be further construed so as to authorize and direct the trustees to pay to the widow such sums that may be necessary for her proper support and maintenance out of the corpus of the estate, in the event that the net income thereof is insufficient for that purpose.
At the hearing on the first proceeding to construe the will, it was determined that the executors were not limited in making payments to the widow to the sum of $40 a week out of income, but that they had the right to turn over the entire income to her and the court directed that they should do so. In the present proceeding it is brought to the attention of the court by the petition that on account of the present depression the net income is insufficient to provide even the sum of $40 per week.
The paragraph of the will sought to be construed reads as follows:
"Second: I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal or mixed, of whatever it may consist and wherever it is situate, to my executors in trust to take possession of the same and to collect all rents and other assets, and if they deem it advisable to sell, convey and mortgage any or all my real estate in such manner and on such terms as they may deem best, and out of the income of my estate pay to my wife a weekly allowance of forty dollars and such other sum and sums as may be necessary during the term of her natural life. She shall remain in and occupy our present residence as long as it shall be her pleasure to do so. After the death of my wife Rosa said executors shall turn over the entire residue of my estate to any home for aged people that my said wife may designate in a last will and testament or any paper writing in the nature thereof, and if she shall fail to do so, then to such institution as my said executors deem advisable. This provision for my wife is in lieu of dower in my estate."
In construing this clause, it will be noted that upon the death of the wife the residuary estate is to go to any home for the aged that the wife may designate in her will, or in case of her failure so to designate, to such institution as the executors see fit. As I read the will it seems clear that the primary purpose was to provide adequate support for the wife during her lifetime. It is contended *Page 524 
by one of the defendants, Betsey Gollin, a sister of Isaac Gluckman, and who it will be noted has no interest by the terms of the will in the residuary estate, that payments to the widow can be made only out of income and that the corpus cannot be used for the widow's support even though it be necessary to use some of the corpus for that purpose.
The will was executed hurriedly and on the death bed of testator, who could neither read nor write the English language and could not speak it very well. The circumstances of the execution of the will are set forth in the report in87 N.J. Eq. I think it was the intention of the testator to provide a sum of at least $40 a week for his widow and I do not believe it is possible that he intended that she should receive less than that amount merely to increase the size of the remainder for the benefit of some indefinite charitable institution to be nominated by his wife or by his executors upon his wife's death.
As was set forth by the court of errors and appeals in the recent case of Peer v. Jenkins, 102 N.J. Eq. 235 (at p.238): "Courts, in construing a will, may depart from its strict words and read a word or phrase in a sense different from that which is ordinarily attributed to it, when such departure is necessary to give effect to what appears, on a full view of the whole will, to have been the intention of the testator. * * * In construing a will the predominant idea of the testator's mind, if apparent, is heeded as against all doubtful and conflicting provisions which might of themselves defeat it. Johnson v.Haldane, 95 N.J. Eq. 404. Respecting his wife, the predominant idea of the testator, as gathered from the will, was to provide income for her so long as she remained his widow." The court accordingly to carry out this intention gave a construction to language in the will which was in conflict with the letter of one of its clauses.
So here I do not believe that it could have been the intention of the testator to limit the payment to the wife to income. In fact, it requires a strict grammatical construction of the clause in question and one that is not readily *Page 525 
apparent upon first reading to limit the payment of "such other sum and sums as may be necessary" to payments out of income. Passing upon the whole proceeding, both on the prior application to construe the will, the hearings had thereon, and upon the present proceeding which is a part of and supplementary to the prior proceeding under the express provisions of the decree reserving the right to pass further upon the meaning of the will, I construe the second paragraph to provide that the executors and trustees are authorized to pay to the widow out of the corpus
such sums as may be necessary to provide her with the necessities of life whenever the net income falls below the sum of $40 a week. *Page 526