The complainant, trustee under the last will and testament of Louis F. Pels, seeks instructions as to certain provisions of the will of the decedent. The provisions involved are contained in paragraphs 3 and 6 of the will and are as follows:
"Third. I give and bequeath to my executors and trustees hereinafter named the sum of Twenty Thousand Dollars ($20,000) in trust for the following uses and purposes:
(a) To invest and re-invest the same in such securities as to them seem most advisable, and to pay the income thereon to my beloved son, Louis Pels, Jr., in half-yearly payments.
(b) To use not more than Ten Thousand Dollars ($10,000) thereof, if in their discretion they deem it advisable, for the purchase of a home in their names as trustees for my said son, Louis Pels, Jr., to be used and occupied by him and his family so long as in the discretion of my said executors and trustees the same is advisable, hereby giving my said executors and trustees power to sell any home acquired as aforesaid if in their judgment they deem it advisable.
(c) Upon the death of my said son, Louis Pels, Jr., to sell and convey any and all real estate held by them as trustees for my said son, Louis Pels, Jr., as aforesaid, and out of the moneys realized therefrom, together with the moneys realized from the other investments representing the remaining Ten Thousand Dollars ($10,000) as aforesaid, to retain the sum of Ten Thousand Dollars ($10,000) for the support, education and maintenance of such child or children of my said son, Louis Pels, Jr., as shall be living at the time of his death until such child or children shall arrive at the age of twenty-one years, at which time any moneys remaining out of said Ten Thousand Dollars ($10,000) shall be turned over to said child or children in equal proportions share and share alike.
(d) To pay to my daughter-in-law, Helen Pels, the wife of my said son, Louis Pels, Jr., the sum of Five Thousand Dollars ($5,000) in cash.
(e) In the event of the death of my said son, Louis Pels, Jr., without issue him surviving, said sum of Ten Thousand Dollars ($10,000) directed to be held by my trustees for the education, maintenance and support of his child or children, together with the remaining Five Thousand Dollars ($5,000) of the trust fund, together *Page 172 
with any increase or reduction thereof, I direct my executors and trustees to divide among my grandchildren living at the time of the death of my said son, in equal proportions, share and share alike.
(f) In the event that my said son, Louis Pels, Jr., dies leaving issue him surviving, and said issue die before arriving at the age of twenty-one (21) years, and before the trust fund for their education, maintenance and support is consumed, that then and in that event the moneys remaining from said fund are to be divided equally between my grandchildren then living.
Sixth. I give, devise and bequeath all the rest residue and remainder of my estate, of every nature and description whatsoever and wheresoever found, to my beloved daughter, Mildred Settle, in addition to the bequest heretofore made to her."
The said Louis Pels, Jr., died on December 15th, 1932, leaving him surviving him his wife, Helen Pels, and a daughter, Gladys Helen Pels
The instructions sought are as follows:
1. Should the investments comprising the twenty thousand dollar ($20,000) trust fund have been reduced to cash upon the death of Louis Pels, Jr., in order to set up the ten thousand dollar ($10,000) trust fund created by subdivision "c" of paragraph 3 of said will, or if such investments should be allocated to said trust fund, should they be allocated at the market or face value as of the time of the death of the said Louis Pels, Jr.?
2. In view of the fact that testator's son, Louis Pels, Jr., died leaving issue, are the grandchildren of the testator entitled to share in such part of such trust fund as would remain after provision is made for the trust created by subdivision "c" of paragraph 3, and the payment of the legacy provided by subdivision "d" of paragraph 3, or is Mildred Pels Settle, the residuary legatee, entitled to such remainder?
3. If it is found that the grandchildren of testator living at the death of Louis Pels, Jr., take and share under said subdivision "e" of paragraph 3, is the grandchild, Gladys Helen Pels, entitled to also share therein with the other grandchildren of testator?
Under subdivision "c" of paragraph 3 of the will, it clearly appears that the testator intended to establish a trust fund of the cash value of $10,000 for the support, education and *Page 173 
maintenance of the children of his son, Louis Pels, Jr., living at the time of his death. The assets constituting the said trust fund consisted of cash $1,496.62 and guaranteed mortgage participation certificates, aggregating $18,000 face or par value. The trustee did not reduce the certificates to cash; the reason urged is that the market prospects for a sale of the securities were poor and to offer them for sale under such circumstances would have entailed a capital loss. The trustee was given discretionary power in such matter and no criticism of its conduct has been, or, in my opinion, under the then existing conditions fairly could be, directed towards it. Equity will regard the substance and intent, rather than the form, and considers that as done which ought to have been done; it will regard the conversion of the securities into cash as having been done under the circumstances, and conditions as existing, when it was directed to have been done. Gaede v. Carroll, 114 N.J. Eq. 524.
Therefore, under the first request for instructions, the trustee is directed to establish the $10,000 trust fund directed by subdivision "c" of paragraph 3 of testator's will for the benefit of the child or children of Louis Pels, Jr., by allocating for this purpose from the securities now in hand and which have been in its possession since his death, so much thereof, taken at their market value as of the date of the death of said Louis Pels, Jr., as will equal the sum of $10,000.
In quest of a testator's intent, "courts, in construing a will, may depart from its strict words and read a word or phrase in a sense different from that which is ordinarily attributed to it, when such departure is necessary to give effect to what appears, on a full view of the whole will, to have been the intention of the testator * * *. In construing a will, the predominant idea of the testator's mind, if apparent, is heeded as against all doubtful and conflicting provisions which might of themselves defeat it." Johnson v. Haldane, 95 N.J. Eq. 404; Gluckman v.Roberson, 171 Atl. Rep. 674. But in the instant case, it is not necessary for the court to depart from any of testator's words "and read a word or phrase in a sense different from that which is ordinarily *Page 174 
attributed to it" in order to give effect to the intention of the testator; no such duty is imposed upon the court in the case subjudice for an examination of subdivision "e" of paragraph 3 of the will, discloses that the testator in clear, intelligible language, bequeathed what remained of the $20,000 trust fund, after providing for the trust and legacy in subdivisions "c" and "d" thereof, to the grandchildren living at the time of the death of his son, Louis Pels, Jr., in the event that his said son, Louis Pels, Jr., died without issue. There is nothing uncertain or doubtful about that language. It plainly states under what circumstances they take. In re Low, 103 N.J. Eq. 435. The words of bequest to the grandchildren in subdivision "e" cannot be isolated, separated or disconnected, from the words which precede them in the same subdivision, they are coupled to, and must be read in connection with them; they (the grandchildren) take only"in the event of the death of (my said son) Louis Pels, Jr.,without issue him surviving."
Since Louis Pels, Jr., died leaving issue, the grandchildren would take nothing under subdivision "e" of paragraph 3, and said remaining part of said $20,000 trust fund, after making provisions as provided for by subdivisions "c" and "d," not being otherwise specifically disposed of, would pass under the residuary clause of the will, and the trustee is so instructed. The remaining requests need not be considered; they would be necessary only if the instructions herein expressed were otherwise. *Page 175