One Anna B. Stokes died on October 21, 1946, having executed a last will and testament dated October 30, 1943, which was admitted to probate by the Surrogate of the County of Mercer on November 20, 1946. Pursuant to the testamentary nominations in the will, letters were issued to the defendants Trenton Banking Company and Godfrey W. Schroth as executors of the decedent's estate.
It is acknowledged that at the time of the death of the testatrix, two or more of the legatees had predeceased the testatrix. They were not, however, within the classes of relatives or descendants of the testatrix specified in the statute. R.S. 3:2-18, N.J.S.A.
The plaintiff is the adopted daughter of the testatrix, the sole "heir at law" and a beneficiary also under the residuary clause of the will. She has instituted this action to inquire whether under the terms and provisions of her mother's will the lapsed legacies are bequeathed to her or gravitate into the residue of the estate. The executors have been disinclined to pay the proceeds of the lapsed legacies to the plaintiff, but I note with significance that in their answer they unite with the plaintiff in requesting a construction of the will in the particular mentioned.
The following articles of the will have predominant relevancy:
"Sixteenth: Subject to the provisions contained in the foregoing Fifteenth Paragraph of this my last will and testament (payment of inheritance and estate taxes out of residue), all the rest, residue and remainder of my property, of every kind and description whatsoever and wheresoever the same may be situate, I give, devise and bequeath as follows, to wit: —
"(1) A one-fourth part thereof, absolutely and forever to my aforesaid grand-niece, Marion Aldridge.
"(2) A one-fourth part thereof, absolutely and forever, to the aforesaid Lottie Aldridge, the mother of the said Marion Aldridge.
"(3) A one-half part thereof to the aforesaid The Trenton Banking Company of Trenton, New Jersey, as my trustee, to receive, hold, manage and administer the same as a trust fund for the use and benefit *Page 307 
of my aforesaid adopted daughter, Betty Anne Stokes Hawley, for and during the term of her natural life, in the same manner and subject to the same conditions and provisions hereinabove specified in the Ninth Paragraph hereof, with respect to the trust fund of seventy-five thousand (75,000) dollars therein mentioned and thereby established, and to pay, dispose of and divide the said one half part thereof subject to the same contingencies and in the same manner and among the same beneficiaries and in the same order of disposition set forth in the foregoing Sub-Paragraphs (2), (3), (4) and (5), respectively, of the aforesaid Nine Paragraph of this my last will and testament.
 * * * * * * * *
"Eighteenth: I desire to die testate as to all my property. Therefore, if, under any contingency not herein provided for there should at any time be no beneficiary sufficiently designated to be capable of identification, as to any part of my estate, whether held in trust or not, such part shall go and be paid, discharged from all trusts whatsoever, to my heirs at law as such heirs shall be determined by the statutes of the State of New Jersey in force at the time of my decease."
In a situation of the present nature, I recognize the established canon of construction to be that the residuary legatee is entitled not only to that which remains after the payment of debts and valid legacies but also to a residue occasioned by a lapsed legacy or an invalid or illegal disposition, unless it is evident from a consideration of the will that the testator intended to exclude such portions of the estate from the operation of the residuary clause. Tindall'sEx'rs v. Tindall, 24 N.J. Eq. 512; Burnet v. Burnet,30 N.J. Eq. 595; Sandford v. Blake, 45 N.J. Eq. 247, 17 A. 812; Allen v. Moore, 86 N.J. Eq. 357, 87 N.J. Eq. 176, 98 A. 420; affirmed, 87 N.J. Eq. 365, 99 A. 860. Parenthetically I add that the legatees who in the present case predeceased the testatrix were not residuary legatees.
The stipulated fact that the will was prepared and explained to the testatrix by Judge Schroth, who is a very competent counsellor and was undoubtedly conversant with the legal rules of construction, is a circumstance of present significance. The intention of the testatrix as expressed in the diction of Article Eighteenth of the will seems to me to be manifest.
The testatrix entertained a contemplation of a possible eventuality of a specified character, namely, that among the *Page 308 
numerous bequests embodied in her will (23 in all), her designation of some beneficiary, individual or corporation, might be so erroneous or indefinite that the legatee could not be truly identified. It was such a legacy, if any, thus incapable of distribution as a legacy, that she desired to bequeath to her heirs at law. In speaking of "any contingency," she meant any cause, perhaps her own error, her uncertainty of the name or vagueness of designation which might give rise to the inability to identify the intended beneficiary. She referred to a "contingency not herein provided for * * *." The disposition of the legacies of those beneficiaries who had predeceased her was "provided for" in that she had made provision for the distribution of all of the residue of her estate. An intention by the testatrix to exclude from the residuum of her estate legacies bequeathed to those who might predecease her is not perceptible in the eighteenth clause or elsewhere in the will.
The conclusion is that those legacies which lapsed in the lifetime of the testatrix are a part of the residue of the estate.
The counterclaim of the defendant Mercer Hospital alleging that the plaintiff by the institution of this action seeking essentially a declaratory judgment, has forfeited her beneficial interest in the decedent's estate is not meritorious and is accordingly dismissed.