OF

# THE STATE OF NEW JERSEY.

## 1921.

. EDWIN ROBERT WALKER, ORDINARY.

EUGENE STEVENSON, EDMUND B. LEAMING, VIVIAN M. LEWIS,
JOHN H. BACKES, JOHN GRIFFIN, JOHN E. FOSTER,
MALCOLM G. BUCHANAN AND JAMES F.
FIELDER, VICE-ORDINARIES.

ESTHER HAUSER et al., petitioners,

. *v.*

EDWARD HAUSER, defendant.

[Decided June 1st, 1921.]

1. Where on petition to remove an executor as obstructing the due administration of an estate the court found reasonable cause for the indictment, but, although finding that the defendant had been extremely annoying in his acts as executor, found no justification for removing him,

615

but dismissed his counter-petition asking removal of his co-executor as being without merit, and filed by way of reprisal, it was improper to settle upon the defendant the costs of the trial and a counsel fee of $300 to an attorney representing the estate.

2. Where an executor joined with the beneficiaries of the will in petitioning for the removal of the other executor, it was improper to award a counsel fee to the petitioning executor or denial of the petition, even though the petition was reasonably founded, the petitioning executor's prosecution of the petition in such case being a duty imposed upon him as executor, for which he could not charge or be allowed compensation.

3. *P. L. 1920 p. 564*, is applicable only to cases of settlement of an account, and not to litigation such as was had in the case.

---

On appeal from the orphans court of Essex county.

*Messrs. Stein, Stein & Hannoch (Mr. Ralph Lum* of counsel), for the petitioners.

*Mr. William Hauser* and *Mr. William H. K. Davey,* for the respondent.

BACKES, VICE-ORDINARY.

Simon Hauser gave his estate to his widow for life, with remainder to his children, in equal parts, and appointed his widow and two sons, William and Edward, executors of his will. The widow and William, and the remaining children, petitioned the orphans court to remove Edward as executor, for alleged malfeasance and misfeasance in office, in that he, generally speaking, habitually and studiedly obstructed the due administration of the estate; the last act that culminated in these proceedings being that he refused his consent to the sale of an $80,000 property upon a $5,000 down payment. The orphans court found reasonable cause for the indictment, and although it found that Edward had been extremely annoying to his family, it felt itself not justified in removing him. At the conclusion of the testimony, by leave, Edward filed a counter-petition to remove William. The court dismissed the counter-petition, as being without merit and filed by way of reprisal, and settled upon Edward the costs of the trial, amounting to $144,

and a counsel fee of $300 to William H. K. Davey, representing the estate. The court also allowed William Hauser, executor, a counsel fee of $300 and costs, amounting to $35.75, and to Mr. Davey, associate counsel, $200, to be paid out of the estate.

In view of the court's finding in favor of Edward, cost on the main petition could not justly be awarded against him, and I do not think he ought to be penalized for his counter-attack. The counter-petition entailed no additional costs and added little or nothing to the labor of counsel. The award against him personally is not justified in judicial discretion. The decree will be modified and the counsel fee and costs ordered paid out of the estate. If any of the costs were occasioned by the counter-petition the modification as to them will be *pro tanto*.

The award of counsel fee to William was without warrant in law. His prosecution of the petition to remove Edward, if reasonably founded, was a duty imposed upon him as executor, for which he cannot charge or be allowed compensation. *Ordinary* v. *Connolly, 75 N. J. Eq. 521.* The act of 1920 (*P. L. 1920 p. 564*) allows a "just and reasonable counsel fee" to accountants who serve the estate as counsel. Such allowance is made only upon the settlement of the account and is not apposite to the present litigation. The decree will be further modified by striking out the allowance of counsel fee and costs to William. So much of his fee bill as was actually disbursed will be allowed to the executors. William, having doubt as to his right to a counsel fee, filed a waiver, but he has not disclaimed as to the proctor's allowances in the fee bill, hence the modification of the decree both as to counsel fee and costs.

The counsel fee to Mr. Davey will not be disturbed. Although the proceedings were not successful, they were not without merit, and I think the retention of counsel was justified and the fee rightly allowed.