CHARLES HALDANE JOHNSON, substituted administrator *cum testamento annexo,* complainant,

*v.*

ELIZABETH P. HALDANE et al., defendants.

[Decided March 17th, 1924.]

1. The rule that the provisions of a later clause in a will must prevail over provisions in a former clause will not be applied except on the failure of every attempt to give the whole will such a construction as will render every part of it effective.

2. In construing a will the predominant idea of the testator's mind, if apparent, is heeded as against all doubtful and conflicting provisions which might of themselves defeat it. A clear gift in one clause cannot be taken away or cut down by doubtful expressions in another clause, but only by express words or by clear implication.

3. Where a testator in the seventh clause of his will directed that his property should be divided between his great-grandchildren, the children of C. and the children of his son W., and by the ninth clause of his will provided that his estate be divided equally among his great-grandchildren, and after the testator's death two other great-grandchildren were born, the meaning of the testator is apparent that the estate should be divided among the persons designated in the seventh clause of the will.

On final hearing.

*Mr. Arthur H. Bissell,* for the complainant.

*Mr. Harold Bouton,* for the defendant Johnson.

*Messrs. Edwin B. & Philip Goodell,* for the defendant Huckel.

BACKES, V. C.

George W. Haldane, by his last will and testament, gave the interest of his estate to his wife for life, during widowhood, and then, after certain pecuniary bequests, disposed of the remainder as follows:

"Seventh—After the death of Emma C. Haldane and my son William H. Haldane and my daughter Henrietta Johnson, the principal shall be divided between my great-grandchildren, the children of Charles H. Johnson and the children of my son William H. Haldane, should he have any heirs.

"Eighth—To my three grandchildren, Elizabeth, Florence and Edith Johnson, I give two hundred dollars ($200) each, and to Charles H. Johnson I give five hundred dollars ($500), he also being my grandson.

"Ninth—The balance of my estate I leave to be divided equally among my great-grandchildren, with one exception, which is, that to my great-grandson Haldane Johnson, the first born son of Charles H. Johnson, to him I give a double portion, to all of my other great-grandchildren. In the event of my son William H. Haldane having a son or daughter, the same amount as given to Haldane Johnson, my great-grandson, shall be given to the son or daughter first born to my only son William H. Haldane. Should my son have other children, then they shall share equally with my great-grandchildren in the division of my estate. I also give to my grandson Haldane Johnson my silver watch and the gold coin attached to it. dated 1821."

When the will was made and at his death the testator's kin were:

Children—William H. Haldane and Henrietta Johnson, widow of Charles H. Johnson.

Grandchildren—Children of Mrs. Johnson: Charles H. Johnson, Elizabeth, Florence and Edith Johnson.

Great-grandchildren—Children of grandson Charles H. Johnson: Charles Haldane Johnson, Kenneth, Allen and Elizabeth Johnson.

After the testator died, Elizabeth Johnson, grandchild, now Mrs. Huckel, had two sons, Alfred W. and Martin J. Huckel.

The time for distribution has arrived, and the substituted administrator asks to be instructed whether the principal is to be paid over as directed by the seventh clause of the will

to the testator's great-grandchildren, the children of his grandson Charles H. Johnson, or whether the balance of the estate is to be divided among all the great-grandchildren, which would include the Huckels.

There is no uncertainty as to the testator's intention expressed in the seventh clause of the will, that his great-grandchildren, children of his grandson Charles H. Johnson, and the children of his son William H. Haldane, were to share the remainder of his estate. Nor is there any apparent inconsistency on the face of the will. But the unforeseen advent of the Huckels has created confusion, as they answer the description of great-grandchildren in the ninth clause, and it is claimed on their behalf that the provision of the seventh and ninth clauses in respect of great-grandchildren are irreconcilable, and that under a well-established rule of construction the provisions of the ninth clause must prevail as being the latest expression of the testator's intention. *Hendershot* v. *Shields, 42 N. J. Eq. 317.* That rule is the last resort. It will not be applied except on the failure of every attempt to give the whole will such a construction as will render every part of it effective. *Rogers* v. *Rogers, 49 N. J. Eq. 98.* In construing a will the predominant idea of the testator's mind, if apparent, is heeded as against all doubtful and conflicting provisions which might of themselves defeat it. *Schoul. Wil. § 476; Carter* v. *Gray, 58 N. J. Eq. 411; Burroughs* v. *Jamieson, 62 N. J. Eq. 651.* A clear gift in one clause cannot be taken away or cut down by doubtful expression in another clause, but only by express words or by clear implication. *40 Cyc. 1415.* The court in construing a will must search for testator's intention in the light of the facts, placing itself as nearly as possible in his position. *Howell* v. *Steelman, 76 N. J. Eq. 423; affirmed, 77 N. J. Eq. 586.*

The prominent thing in the testator's mind, and his predominant intent and purpose as expressed, obviously, was that the children of his grandson Charles H. Johnson (there were none other living at the time of the will) were to share his estate with the children of his son William. The great-

grandchildren then in being were his chief concern. The possibility of the coming of others, of a different branch, was not mentally visualized. He did not intend, and plainly did not in fact, by the ninth clause, make another gift of the balance of his estate to a class of great-grandchildren as distinguished from the class mentioned in the seventh clause, to which latter class he had previously given all he possessed, but only enlarged the gift to the first born of his son and the first born of his grandson by giving each of them a double portion. It is scarcely conceivable that by the word great-grandchildren in the ninth clause he intended great-grandchildren generally, and meant thereby to destroy the bequests just made to great-grandchildren in being. The language of the ninth clause, "the balance of my estate I leave to be divided equally among by great-grandchildren," &c., will not admit of the construction that the testator intended the balance of his estate to be divided among all his great-grandchildren, for, by both clauses, the seventh and the ninth, his son's children are to share in the balance, and, manifestly, he referred to that "balance" which by the previous clause he had given to the great-grandchildren therein pointed out. In other words, to his "said" great-grandchildren, to whom he had given it by the seventh clause. This view removes the apparent inconsistency between the two clauses and permits both to stand.

A decree will be advised directing the administrator, in making distribution, to exclude the great-grandchildren Huckels.