In the matter of the estate of CHRISTIAN MERZ, deceased.

[Submitted May term. 1942. Decided September 18th, 1942.]

*Mr. Herbert J. Kenarik,* for the executors-appellants.

*Messrs. Schoenholz & Schoenholz (Mr. Milton G. Schoenholz),* for the respondents-appellees.

The opinion of the court was delivered by

BODINE, J.

Mr. Thomas R. Grimm, a member of the bar of this state, was employed by the executors of the estate of Christian

Merz. They refused to account or to pay him for his services. The Orphans Court, at the instance of Mr. Grimm, required the executors to account and allowed him a counsel fee. On appeal, the Prerogative Court reduced the allowance and disallowed a fee awarded to Mr. Grimm's counsel, since he was not employed by the executors. This, we think, was proper.

The prevailing practice is for the representatives of decedent's estate on their accounting to seek an allowance for counsel who have advised them. Fees for services rendered to them should be allowed by the court, since some of the beneficiaries might otherwise object.

That the Orphans Court has power to require an accounting cannot be doubted. *N. J. S. A. 3:1-2.* When there is such an accounting it may award a suitable fee to counsel who have been employed by accountants. *In re Babcock's Estate, 112 N. J. Eq. 374.* The award, when made, is payable out of the estate. The court is concerned only in fixing an amount that is fair under the circumstances of each particular case. Any other practice would require the attorney employed by a decedent's estate to sue the representative at law. They would then have to seek the approval of the Orphans Court for payment of the judgment. All questions can be settled in one proceeding in a court constituted for that purpose.

The decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.