This suit is brought to obtain the construction of a will. The will was made in 1931, and testatrix died in 1938, at an advanced age. The will contains general bequests totaling *Page 12 
some $11,000, and specific devises of real estate to each of John B. Moore, Annie Berg and Adam Moore, and a further devise of her homestead to her grandson. Among the legatees were two granddaughters, who are also the residuary legatees and devisees. The personal estate is far less than the amount necessary to pay the specific bequests. The realty in the residuary estate consists of several parcels of land, which are so heavily encumbered with tax liens as to be substantially worthless, and the administrators cum testamento annexo have been unable to realize anything from it. The question before the court is as to whether under the terms of the will the three parcels devised to John B. Moore, who is a nephew; to Annie Berg, who is a niece, and to Adam Moore, who is not related to testatrix, are subject to the payment of the specific bequests.
By agreement of all the parties the parcels devised to John B. Moore and Annie Berg have been sold, and the proceeds, amounting to some $7,000, are being held subject to the determination of this suit. The parcel devised to Adam Moore is a small parcel of vacant land of doubtful value. The devise of the homestead to the grandson does not enter into the question, since the testatrix deeded the property to him in her lifetime. The only bearing on the present suit of the language used in the will making a devise to him is because of the possible effect of the language used in the will, which expressly excludes the homestead from sale in order to make payment of the bequests.
The relevant provisions of the will relating to subjection of the devises to the payment of the bequests are as follows:
"30. All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath to my granddaughters, EDNA SCHUH and RAE DEGRAW REED, share and share alike, to them, their heirs and assigns forever, subject, as hereinafter set forth, to the payment of legacies.
31. I direct that, for the purpose of meeting the payment of the legacies in this my will bequeathed, if there shall be insufficient cash or securities therefor, my executors or the survivor of them, sell part of my real estate, at public or private sale, and give good and sufficient deeds of conveyance therefor. This direction shall not apply to the homestead devised for life to my grandson, WILLIAM PARKER DEGRAW. *Page 13 
If it shall be necessary to sell real property for the purpose of paying legacies, I direct that the plot or tract first sold shall be the remaining acreage after the devise to ANNIE BERG, lying east of the Teaneck Road, bounded south and east by the right of way of the Public Service Trolley Company, and after the devise to ADAM MOORE, lying on the east side of Teaneck Road, north of the property of the Public Service Trolley Company, all in the Township of Teaneck, County of Bergen and State of New Jersey."
It will be noted that the residuary devises are expressly subject to the payment of legacies; the devise to the grandson is expressly exempted from subjection to the payment of legacies; and that, in case real estate must be sold to pay legacies, the first parcel to be sold is expressly designated. The will is silent as to an express provision either that the remaining devises shall or shall not be sold if necessary to pay the legacies. This must be determined from a construction of the will, so as to ascertain the intention of the testatrix both from the language used and from the situation of the testatrix at the time the will was made.
The applicable canons of construction are well settled. If a general intention be shown, by taking the will as a whole, any apparent inconsistency of language will be disregarded. Johnson
v. Haldane, 95 N.J. Eq. 404.
In construing a will the language used is to be considered in relation to the surrounding circumstances. In Wiggins v.Wiggins, 65 N.J. Eq. 417 (at p. 419), the court said:
"The well established fundamental rule in construing wills is to ascertain the intent of the testator — first, by carefully considering the force of every word of the language he has used, and second, in cases of difficulty or ambiguity, by considering therewith his pecuniary circumstances and his family and social relations.
"The testator's intention is to be gathered from the language employed, read in the light of surrounding circumstances."Coyle v. Donaldson, 108 Atl. Rep. 308; White v. Graves,104 Atl. Rep. 205; Johnson v. Haldane, 124 Atl. Rep. 63.
Since testatrix made bequests to her granddaughters, her lineal descendants, and also made them the residuary legatees and devisees, it hardly seems possible that it was her intention *Page 14 
that, under the situation which has in fact arisen, substantially her whole estate would go to a nephew and niece, which would be the case if the devises to the nephew and niece should be held to be free from payment of the legacies. The language of the will clearly anticipates the possibility of a shrinkage in the value of the estate, since it expressly provides for sale of at least part of the real estate to pay the legacies.
Paragraph "30" of the will expressly provides that the residuary real estate should be subject to the payment of legacies. Paragraph "31" provides that if there shall be insufficient cash for the purpose of meeting the legacies the executors shall "sell part of my real estate. * * * This direction shall not apply to the homestead devised for life to my grandson, William Parker Degraw." This devise to the grandson was, of course, not in the residuary estate, and in my opinion could have no meaning except to distinguish this specific devise to the grandson from the other specific devises, and to place it in a special category and subject to a different condition from the other devises. This, by necessary implication, must mean that the testatrix intended to exclude the devise to the grandson from the operation of the provision in the balance of the paragraph, and, accordingly, paragraph "31" must be construed as showing an intention on her part to subject the other specific devises to payment of the legacies.
A decree will be advised in accordance with this construction of the will. *Page 15