44 N.J. Super. 144 (1957)
129 A.2d 892
IN THE MATTER OF THE ESTATE OF JOHNSTON WHITFORD, DECEASED. EZRA W. KARKUS, APPLICANT-RESPONDENT, AND LLOYD J. WHITFORD, EXECUTOR OF THE ESTATE OF JOHNSTON WHITFORD, DECEASED, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 25, 1957.
Decided March 7, 1957.
*146 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Theodore Rabinowitz argued the cause for the former substituted administrator with the will annexed.
Mr. Louis G. Morten argued the cause for the executor, Lloyd J. Whitford.
The opinion of the court was delivered by CLAPP, S.J.A.D.
The County Court removed the executors of Johnston Whitford from office and appointed in their stead a substituted administrator with the will annexed, under a bond of $2,500. One of the executors appealed, and the substituted administrator thereupon applied to this court to intervene in the appeal and have himself joined as a party, claiming that his interest as substituted administrator was not represented on the appeal and that any judgment on the appeal might be binding upon him. His application was denied. Six months after he was appointed, this court, with the consent of the executors (who were apparently the only parties to the appeal), reversed the judgment of the County Court, thereby restoring the executors to their offices and setting aside the appointment of the substituted administrator.
A year and a half later, he made a motion before the County Court for the allowance to himself of commissions and also an attorney's fee for services he had rendered as attorney pro se. He filed no account at the time or at any other time, nor even a complaint pursuant to R.R. 4:85 (see R.R. 5:3-7), but he annexed an affidavit to his notice of motion. However, neither his affidavit, nor anything submitted by him below or here makes reference to the assets *147 of the estate; nor does he indicate whether he is in any way chargeable for them or any part of them. Counsel for the appellant states that none of the assets of the estate ever came into the administrator's hands; and we suppose this is so.
The County Court, by order, allowed the administrator the sum of $600
"for services rendered as substituted administrator c.t.a. * * * and for any professional services rendered, together with his disbursements in the sum of $45.68."
From that order this appeal is taken by one of the executors, though on the argument he waived the appeal insofar as it relates to the disbursements.
We deal first with the matter of commissions. It is elementary that except as provided in N.J.S. 3A:10-3.1 and 3A:10-3.2, commissions are allowable to the administrator only as to assets that came into his hands or possession, N.J.S. 3A:10-2, 3A:10-3; and that except as stated in N.J.S. 3A:10-3.1 and 3A:10-3.2, no compensation can be allowed to him for his services as a fiduciary in addition to his commissions. On the other hand if in fact assets had come into his possession, commissions on corpus can be allowed to him only on the settlement of his account. Wyckoff v. O'Neil, 72 N.J. Eq. 880, 882 (E. & A. 1907); In re Smith's Estate, 107 N.J. Eq. 607, 610 (Prerog. 1931); Gardner v. Baldi, 24 N.J. Super. 228, 233 (Ch. Div. 1952). In any event, the judgment appealed from, insofar as it deals with commissions, cannot be sustained.
We come next to the question whether an allowance should be made to the administrator for his services as attorney. His affidavit of services is most uninformative, cf. R.R. 4:107-3, except as it refers to services rendered on the motion to intervene, above referred to. The Appellate Division denied the motion to intervene because it did not see why the interests of the beneficiaries of the estate were not adequately represented on the appeal; nor did it see any justification for joining the administrator as a party *148 merely so that he could protect his interest in the emoluments connected with his appointment. The circumstances being as they are, we find no basis for allowing him out of the estate any fee for his services in connection with that motion to intervene. Cf. Dorris v. Miller, 105 Iowa 564, 75 N.W. 482, 484 (Sup. Ct. 1898); Dalrymple v. Gamble, 68 Md. 156, 11 A. 718, 720 (Ct. App. 1887); Sullivan v. Doyle, 193 Md. 421, 67 A.2d 246, 251 (Ct. App. 1949); Edwards v. Ela, 5 Allen (Mass.) 87 (Sup. Jud. Ct. 1862); Baker v. St. Louis Union Trust Co., 234 S.W. 858, 861 (Mo. App. 1921). See further Annotation, 4 A.L.R.2d 160, 174 (1949).
In addition to services rendered in connection with the motion to intervene, the affidavit speaks of "numerous conferences," an examination of certain papers in "several proceedings," a "pre-trial conference" and "15 letters," but without furnishing any indication at all wherein the administrator's services might have been in the estate's interest. What these conferences, proceedings and letters were about, we do not know. It may well be that the administrator was entitled to some small compensation for legal services he rendered in behalf of the estate. If so, he of course cannot be deprived of it by reason of the fact (if it be a fact) that no assets came into his hands.
Nor can he be deprived of that compensation because of the action of this court reversing his appointment. The mandate on reversal does not declare that the order appointing him was void ab initio (cf. In re Paullin's Will, 92 N.J. Eq. 419, 423 (E. & A. 1921); In re Fisher's Estate, 115 N.J. Eq. 329, 333 (E. & A. 1934); In re Fisher's Will, 13 N.J. Super. 48, 56 (App. Div. 1951)), a situation with which we need not deal. It merely reversed the judgment appealed from; no other interpretation is to be put upon the pro forma provision in the printed mandate of reversal, declaring the judgment below to be "reversed, set aside and for nothing holden." Accordingly, notwithstanding the reversal, the administrator should be allowed out of the estate appropriate compensation for services he rendered in *149 the interests of the estate before the entry of the mandate on reversal. The services were apparently performed by him in good faith, in reliance upon a judgment which was valid until reversed. In re Staiger's Will, 249 N.Y. 229, 164 N.E. 33, 34, 35 (Ct. App. 1928); Annotation, 4 A.L.R.2d 160 (1949); compare R.R. 4:99-5.
However, the County Court should not have allowed the administrator a fee for such legal services except on his account settled under R.R. 5:3-6(a). N.J.S. 3A:10-8; Hauser v. Hauser, 92 N.J. Eq. 615, 617 (Prerog. 1921); In re Babcock's Estate, 112 N.J. Eq. 374, 375 (E. & A. 1932). If no assets came into his hands, his account will so indicate. On such an account the surrogate's costs, as well as the allowances for the administrator's legal services, can then be charged against the estate. But services of attorneys and counsel rendered on the administrator's behalf in recovering such amounts from the estate are not chargeable against it. In re Merz' Estate, 132 N.J. Eq. 313, 314 (E. & A. 1942).
Reversed, except as to the disbursements. No costs.