127 N.J. Super. 290 (1974)
317 A.2d 371
IN THE MATTER OF THE TRANSFER INHERITANCE TAX ASSESSMENT IN THE ESTATE OF GEORGE TALAKOWITSH,
SONJA TALAKOWITSH, EXECUTRIX OF THE ESTATE OF GEORGE TALAKOWITSH, DECEASED, APPELLANT,
v.
SIDNEY GLASER, DIRECTOR OF THE NEW JERSEY DIVISION OF TAXATION AND NICHOLAS G. MAIDA, STATE SUPERVISOR OF THE NEW JERSEY INHERITANCE TAX BUREAU, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 3, 1973.
Resubmitted March 25, 1974.
Decided March 26, 1974.
*291 Before Judges COLLESTER, LYNCH and MICHELS.
Frankel & Frankel, attorneys for appellant (Mrs. Esther S. Frankel, on the brief).
Mr. George F. Kugler, Jr., Attorney General, attorney for respondents (Mr. Stephen Skillman, First Assistant Attorney General, of counsel; Mr. Michael E. Goldman, Deputy Attorney General, on the brief).
PER CURIAM.
This is an appeal from a decision of the Transfer Inheritance Tax Bureau (Bureau) concerning the amount of allowable deduction for executor's commissions in determining the inheritance tax in the estate of George Talakowitsh. The issue is whether, in the absence of a court allowance of executor's commissions, the Director of the Division of Taxation (Director) may prescribe by regulation the amount of the allowable deduction for such commissions. We are not concerned with the actual amount which the executor may receive as commissions. We are rather concerned only with the amount thereof which may be used as a deduction for purposes of computing the inheritance tax.
The Director argues that, if he could not limit the allowable deduction as to such commissions, in the absence of a Probate Court's allowance of commissions, taxes could easily be evaded. As he points out, it is not uncommon for one to leave his entire estate to one beneficiary, or a few closely related *292 beneficiaries, and name a beneficiary as executor. In such instances the executor-beneficiary could easily evade inheritance taxes on his share of the estate by taking that share as "commissions," and thus be able to claim deduction for what in reality is an inheritance.
Pursuant to the power granted to the Director by N.J.S.A. 54:50-1, and in accordance with the Administrative Procedure Act, the Director promulgated N.J.A.C. 18:26-7.10, outlining the method of calculation of executor's commissions which may be allowed as a deduction. So far as pertinent here said regulation excludes from such deduction (a) the value of real property, and (b) jointly held property.
Decedent left a gross estate of $87,513.91. Included in that sum was the value of decedent's homestead ($40,900) and the value of jointly held property ($12,001.35). Pursuant to N.J.A.C. 18:26-7.10, the Bureau excluded the total value of such property ($52,901.35) from the gross estate in calculating the permissible deduction for executor's commissions, thus:

 Net Estate $87,513.91
 Less: real property $40,900
 jointly held
 property 12,001.35 52,901.35
 __________________________
 Assets in possession of $34,612.56
 executrix
 Executrix' commission at 5% 1,730.63

The Estate disputes the right of the Director to exclude the value of the real property and jointly held property as provided by his regulation N.J.A.C. 18:26-7.10(c) and (d).
To arrive at the "clear market value" of the property transferred at death, the Inheritance Tax Law allows certain deductions, including "(c) The ordinary expenses of administration, including the ordinary fees allowed executors and administrators and the ordinary fees of their attorneys * * *." N.J.S.A. 54:34-5(c).
*293 It was to determine what are "ordinary" fees, in the absence of a court determination thereof, that the Director promulgated his regulations. The executrix here argues that N.J.S.A. 3A:10-2 allows her 5% on estate assets up to $100,000 and that N.J.S.A. 3A:10-3 allows commissions on real estate when a fiduciary comes into possession of real estate which is not sold during the administration of the estate. Therefore, she argues the Director's regulation contravenes the statute, and that he had no authority to exclude the real estate and jointly held property up to $100,000, and particularly the real estate which came into her possession and was not sold during the administration of the estate.
The Director contends that N.J.S.A. 3A:10-3 is permissive in character and not mandatory, for all the statute says is that the court "may," and is not bound to, allow commissions on the reasonable value of real estate coming into the fiduciary's hands under the circumstances here. We agree. 7 N.J. Practice (Clapp, Wills & Administration), § 1530 at 228-29 (1962).
This is not a suit to recover executor's commissions. This is an inheritance tax case. The executrix is the sole beneficiary of the estate. There is but one question: what are "ordinary" fees which under N.J.S.A. 54:34-5 (c) may be deducted for inheritance tax purposes? The Director's regulation determines what such "ordinary" fees are. We hold that the promulgation of N.J.A.C. 18:26-7.10 is a reasonable regulation to prevent evasion of taxes on the value of property which the executrix inherited and was well within the authority of the Director to promulgate. See In re Hack, 103 N.J. Eq. 207 (Prerog. 1928), as to the State Comptroller, the Director's predecessor.
The determination of the Transfer Inheritance Tax Bureau is affirmed.