IN RE: ESTATE OF
EDWARD WIDENMEYER, DECEASED.

Argued April 26, 1976—Decided June 25, 1976.

*Mr. Charles M. Aulino* argued the cause for appellant Sylvia Rohr ·Casale, executrix of the Estate of Edward Widenmeyer, deceased (*Messrs. Harrison, Hartman and MacDonald,* attorneys; *Mr. Joseph J. MacDonald,* of counsel).

*Mr. Harry Haushalter,* Deputy Attorney General, argued the cause for respondent, New Jersey Division of Taxation (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Richard M. Conley,* Deputy Attorney General, of counsel; *Mr. Haushalter,* on the brief).

The opinion of the Court was delivered by

MOUNTAIN, J.   Our limited grant of certification in this matter, 69 *N. J.* 80 (1975), brings before us for review the single narrow issue as to the validity of certain portions of *N. J. A. C.* 18:26–7.10, a regulation adopted by the Director, Division of Taxation, concerning the deductibility of executors' or administrators' commissions under the Transfer Inheritance Tax Act, in the absence of a judicial determination as to the amount of commissions to be allowed. The Appellate Division sustained the regulation. 134 *N. J. Super.* 307 (App. Div. 1975).

█ In calculating the amount of inheritance tax due in respect of any estate, the executor or administrator, in determining the clear market value of property transferred, is entitled to take as a deduction,

[t]he ordinary expenses of administration, including the ordinary fees allowed executors and administrators and the ordinary fees of their attorneys.
\*          \*          \*          \*          \*          \*          \*          \*
[*N. J. S. A.* 54:34–5c]

To implement this statutory provision the Director promulgated *N. J. A. C.* 18:26–7.10, which defines and limits the amount of the deduction allowable in respect of the payment of commissions to a personal representative. The pertinent portions of the regulation state:

\*          \*          \*          \*          \*          \*          \*          \*
(d) In addition, executor's or administrator's commissions are not allowed on:
1. Real estate specifically devised, except where the personal estate is not sufficient to pay the debts and costs of administration of the estate;

2. Real estate not specifically devised, except where the personal estate is not sufficient to pay the debts and costs of the administration of the estate, or to pay pecuniary legacies.
[*N. J. A. C.* 18:26–7.10(d)]

In the case before us the testator's will specifically devised to his stepdaughter a parcel of real estate identified as "my old homestead." The valuation of $91,400 placed upon the property by the executrix was not challenged by the Transfer Inheritance Tax Bureau. It refused, however — relying upon the foregoing regulation — to permit the inclusion of the value of this property in calculating the amount of commissions allowable as a deduction.

The statute, *N. J. S. A.* 3A:10–2, provides that corpus commissions of a fiduciary shall be determined as a percentage of the "corpus that comes into the fiduciary's hands."

The first essential of the scheme thus laid out was that the dollar amount of corpus commissions awarded by a court as compensation for the administration of any estate, whether an executorship, trusteeship or whatever, was to be arrived at by the application of a percentage to a prescribed base. This basic format has never been changed. The base continues to be "all sums which come into their hands" or "receipts," terms which are synonymous and refer to the gross estate received by the fiduciary at commencement plus gross increases during the course of administration. [*In re Estate of Moore*, 50 *N. J.* 131, 140 (1967)]

Appellant argues that because the statute does not expressly exclude real estate, including that specifically devised, from the basic gross estate, upon the value of which the calculation is to be made, it must be deemed to be included. This contention ignores the words of the statute as well as fundamental law. Subject to what is said below, real estate which is specifically devised does not come into the hands of the executor.

On the decedent's death, the title to his realty passes directly to his devisees and heirs; except as provided by a statute or a will or where the realty has been equitably converted, the executor or administrator acquires no right or power therein. [6 *N. J. Practice* (*Clapp, Wills and Administration* (3rd ed.)) § 1025, p. 569]

■ If it becomes necessary for an executor to sell real estate, and he does so, it may justly be said that the property so sold has come into his hands. Generally speaking, there are two occasions when, due to an insufficiency of assets, such a sale may take place: (1) in order to pay debts, funeral expenses, expenses of administration or taxes, and (2) in order to pay a pecuniary legacy which is either expressly or impliedly charged upon the real estate, or which, by the terms of the will or an applicable rule of law is entitled to preferential payment. As we have said, in the event of such a sale, real estate may be said to have come into the hands of the executor. But in each such case, with the exception mentioned in the footnote below, the regulation permits the inclusion of the value of such realty in the calculation of the commissions deemed deductible.[1]

Strong reliance is also placed by appellant upon the following statute:

When a fiduciary comes into the possession of real estate and such real estate is not sold during the administration of the estate, trust or guardianship, the reasonable value thereof may be con-

---

[1]Section (d)2 of the regulation quoted above would appear to permit the inclusion, in the calculation of commissions deemed deductible, of the value of real estate not specifically devised, the sale of which was required either to pay debts and administration expenses or *to pay a pecuniary legacy*. Section (d)1, on the other hand, permits such inclusion only where the sale occurs in order to pay debts or costs of administration. The implication seems to be that there will never be a sale of specifically devised real estate to pay a pecuniary legacy. While such an occurrence is rare, the terms of a will may be interpreted to require, in the event of insufficient assets, that real estate specifically devised be sold to raise funds to pay a pecuniary legacy. *Reed v. Schuh*, 136 *N. J. Eq.* 11 (Ch. 1944) ; *Wyckoff v. Wyckoff*, 48 *N. J. Eq.* 113 (Ch. 1891), aff'd 49 *N. J. Eq.* 344 (E. & A. 1892). It is a matter of testamentary intent. In such event it would seem appropriate that commissions be allowed, calculated upon the value of the real estate so sold and that the amount of such commissions be deductible in the determination of the inheritance tax.

sidered corpus receipts for the purpose of fixing corpus commissions. [*N. J. S. A.* 3A:10–3]

This enactment is also inapplicable here. By its very terms it applies only when real estate "comes into the possession" of the fiduciary. We consider this language to be synonymous with the statutory language quoted above from *N. J. S. A.* 3A:10–2, "corpus that comes into the fiduciary's hands." Such seems to have been the accepted view. *In re Whitford,* 44 *N. J. Super.* 144, 147 (App. Div. 1957). *Cf. In re Estate of Talakowitsh,* 127 *N. J. Super.* 290, 293 (App. Div. 1974). See also *In re Breckwoldt,* 45 *N. J. Super.* 357, 364 (App. Div. 1957).

■ Appellant urges that an executor should be entitled to commissions — and hence an inheritance tax deduction — calculated upon the value of all of decedent's real estate, including that specifically devised, because of the time and attention that he must give to it in the course of administration. Aside from the fact that the Legislature has chosen otherwise, this argument rests upon an inaccurate premise, at least as to real estate that has been specifically devised. As to such realty the obligations of the executor are modest, indeed. He would normally examine the property and have it appraised. Thereafter he might, if requested, execute and deliver a deed to exhaust a power of sale. There would be little else for him to do. He has no obligation to pay real estate taxes that accrue on such property after the decedent's death, nor indeed has he the right to do so, *Polhemus v. Middleton,* 37 *N. J. Eq.* 240 (Prerog. 1883); *Van Houten v. Post,* 41 *N. J. Eq.* 55 (Ch. 1886), nor is he entitled to rents accruing after death, *Paletz v. Camden Safe Deposit & Trust Co.,* 109 *N. J. Eq.* 344, 345 (Ch. 1931); *Joselson v. Joselson,* 116 *N. J. Eq.* 180 (Ch. 1934); 6 *N. J. Practice (Clapp, Wills and Administration* (3rd ed.)), *supra,* §§ 1025, 1026. The property belongs in every sense to the specific devisee and will generally never come into the hands or possession of the

executor absent the occasions mentioned above when insufficiency of assets may provoke a sale.

We have purposely limited this decision to the factual context actually presented here — a case where there is a specific devise of realty. A fairly recent statute, *L.* 1968, *c.* 270, now *N. J. S. A.* 3A:6–16.1 *et seq.* has altered and substantially enlarged the powers of fiduciaries, including executors, with respect to real estate owned by a decedent at the time of his death. For the most part, and in all respects relevant to the facts of this case, these additional powers are expressly inapplicable to ". . . property or any interest therein . . . specifically disposed of." *N. J. S. A.* 3A:6–16.2(e). What effect, if any, this statute may have upon the general issue here discussed, with respect to real estate not specifically devised, we reserve until such time as that issue is actually presented, briefed and argued.

That portion of the judgment of the Appellate Division brought here for review is affirmed.

*For affirmance*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For reversal*—None.