187 N.J. Super. 562 (1983)
455 A.2d 561
METROMEDIA, INC., PLAINTIFF-RESPONDENT,
v.
DIRECTOR, DIVISION OF TAXATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 20, 1982.
Decided January 21, 1983.
*563 Before Judges MILMED, MORTON I. GREENBERG and FURMAN.
Harry Haushalter, Deputy Attorney General, argued the cause for appellant (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James J. Ciancia, Assistant Attorney General, of counsel; Harry Haushalter on the brief).
Joseph P. LaSala argued the cause for respondent (Robinson, Wayne, Greenberg, Levin, Riccio & LaSala, attorneys; Kenneth Greene, of counsel; Joseph P. LaSala and Ira J. Kaltman on the brief).
The opinion of the court was delivered by FURMAN, J.A.D.
Plaintiff Metromedia, Inc. is a Delaware corporation which owns and operates a television station and AM and FM radio stations in New York City and AM and FM radio stations in Philadelphia. All five stations reach a viewing or listening audience in New Jersey, approximately 30% and 20% of the total audiences of the New York and Philadelphia stations, respectively.
At issue before us is whether defendant Director of the Division of Taxation (Director) properly determined plaintiff's corporation business tax, N.J.S.A. 54:10A-1 et seq., for the tax *564 years 1972 through 1975 by calculating its net business receipts from advertising, taxable in this State, in the fractional proportion of the five stations' New Jersey audience to their total audience. Plaintiff challenges the Director's authority to fix this allocation factor, but not its mathematical correctness if his authority is assumed.
In a published opinion at 3 N.J. Tax 397 (1981), the Tax Court struck down the allocation factor based on the viewing and listening audiences as invalid rule-making, contrary to the Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq. We disagree.
In our view, the Director's determination of this allocation factor was within his statutory authority under the Corporation Business Tax Act. N.J.S.A. 54:10A-6(B)(6) authorizes assessment of the tax by the Director in accordance with the fractional proportion of the taxpayer's business receipts earned in this State to its total business receipts. N.J.S.A. 54:10A-8(e) authorizes application by the Director, in establishing the allocation factor, of "any ... method calculated to effect a fair and proper allocation of the entire net income ... reasonably attributable to the State."
In its setting aside of the Director's assessment the Tax Court commented: "This court's ruling should not be construed to mean that an audience factor is not an appropriate manner in which to allocate the net worth and net income of this taxpayer." (At 414)
Metromedia's business receipts were derived from sale of television and radio air time to national and local advertisers. Its advertising rates were based primarily on the size of the viewing or listening audience in the geographical area, including New Jersey, reached by its stations. No advertising sales were consummated in this State. But nothing in the record refutes the logical inference that, in purchasing air time, the advertisers *565 took into consideration the New Jersey audience in equal proportion to the audience elsewhere within the viewing or listening area.
New Jersey Tax Policy Committee, Report No. 5 at 31, submitted to Governor William T. Cahill on February 23, 1972, recommended the allocation factor adopted by the Director, as follows:
As a matter of fiscal policy, there is no good reason why television and radio stations, based in the bordering States, that transmit their electronic product into New Jersey, and derive substantial advertising revenues from the State's market, should not contribute to the cost of operating the government of this State.
If an effort is to be made to tax the income of out-of-state radio and television companies, the application of the general apportionment formula would probably produce little or no tax, even if the levy should be sustained. The property and payroll would be largely, if not entirely, attributed to other States; and the receipts factor, geared to sales of tangible property, is not adapted to television and radio stations, with a consequence that probably little or no receipts allocation would be made to this State. In lieu of the receipts allocation contained in the general formula, a more realistic and more economically justifiably [sic] technique might be the allocation of receipts by reference to the listening audience. It is our understanding that this is the way television and radio time charges are determined, so that receipts allocation by reference to the advertising market would respond to the economic realities of the business.
Because, in our view, the Director arrived at the assessment imposed against Metromedia in accordance with his legislative authority, N.J.S.A. 54:10A-8(e), that is, by a fair and proper allocation of net business receipts reasonably attributable to this State, promulgation of an administrative rule or regulation was not prerequisite, and the administrative decision by him setting a substantive precedent generally applicable to out-of-state television and radio stations was not proscribed. See R.H. Macy & Co., Inc. v. Taxation Div. Director, 77 N.J. Super. 155, 180 (App.Div. 1962), aff'd o.b. 41 N.J. 3 (1963).
We reverse and remand for entry of judgment reinstating the Director's assessments of the corporation business tax payable by Metromedia for the tax years 1972 through 1975.