BIANCO, J.T.C.
This is the court’s determination regarding the motion for summary judgment filed by plaintiff, Estate of Lillian Becker (“Estate”), and the cross-motion for summary judgment filed by defendant, Director, Division of Taxation (“Director”).
The issue to be determined is whether the allowable deduction for an administrator’s commission under N.J.S.A. 54:34-5(e), is calculated as a percentage of the gross fair market value of real estate owned by the decedent, or the net value of that real estate, less the outstanding mortgage payable at the time the administrator sold the real estate.
Lillian Becker (“decedent”) died on May 14, 2000. The decedent’s home, located along Arlington Boulevard, in the Township of North Arlington, County of Bergen (“property”), was the only *501 asset in the Estate. At the time of decedent’s death, Boiling Springs Savings Bank (“Bank”) was the holder of the first mortgage on the property. Through Letters of Administration, the Bank became the Administrator of the Estate and sold the property in due course for $172,500. After paying off the principal mortgage and interest of $132,017.94, the net value of the property was $40,482.06.
The Bank filed the Estate’s Transfer Inheritance Tax Return, which included an administration expense deduction of $8,625. The Bank calculated the deduction by taking 5% of the Estate’s gross value, which was $172,500. After examining the Return, the Director issued a Notice of Assessment on August 17, 2002, denying the full value of the Estate’s administration expense deduction. The Director allowed an administration expense deduction of only $2,004, which was calculated by taking 5% of the net value of the property (i.e., $40,482.06).
On October 1, 2001, the Estate filed a protest with the Transfer Inheritance Tax Branch challenging the Director’s Notice of Assessment of August 17, 2002. On October 17, 2001, the Director issued a Final Determination Letter, which affirmed the initial assessment. On November 26, 2001, the Estate filed an appeal with the Tax Court, contesting the Director’s Final Determination, and subsequently filed a motion for summary judgment. In response, the Director filed a cross-motion for summary judgment, seeking a dismissal of the Estate’s complaint.
The Estate argues that N.J.SA. 54:34-5(c) authorizes the deduction of “ordinary expenses of administration, including the ordinary fees allowed executors and administrators,” in determining the clear market value of the property for Inheritance Tax purposes. The amount of the deduction, the Estate argues, is calculated by taking 5% of the first $200,000 of the gross value of the estate, pursuant to N.J.SA. 3B:18-14 and N.J.A.C. 18:26— 7.10(a). Accordingly, the Estate contends that the allowable deduction from the taxable estate should be 5% of $172,500, or $8,625.
*502 The Director argues that the terms “ordinary expenses of administration” and “ordinary fees allowed executors and administrators,” as used in N.J.S.A 54:34-5(c) are undefined and ambiguous. Relying upon In re Estate of Talakowitsh, 127 N.J.Super. 290, 317 A.2d 371 (App.Div.1974), the Director cites his authority to promulgate regulations to help determine what the Legislature meant in N.J.S.A. 54:34-5(e), by allowing the deduction for the “ordinary expenses of administration, including the ordinary fees allowed executors and administrators,” in determining the clear market value of the property. Pursuant to that authority, the Director points to N.J.A.C. 18:26-7.1, -7.4 and -7.10, arguing that these regulations only allow the Estate to deduct “ordinary expenses of administration” based on the net value of the Estate’s assets, after all encumbrances are deducted.
Moreover, the Director contends that it has construed the “ordinary expenses of administration” deduction pursuant to N.J.S.A. 54:34-5(c) ¡consistently for nearly thirty years. The Director argues that since this long-standing administrative construction of N.J.S.A. 54:34-5(c) has remained undisturbed by the Legislature, it must be accorded substantial weight as evidence of conformity with the legislative intent of the statute, citing Body-Rite Repair Co. v. Director, Div. of Taxation, 89 N.J. 540, 545, 446 A.2d 515 (1982).
This court finds the Director’s arguments to be unpersuasive.
The New Jersey Transfer Inheritance Tax Act (N.J.S.A. 54:33-1 to:36-7) (“Act”), imposes a tax on the transfer of real and personal property by a decedent as a result of his or her death. Those taxes are based on the “clear market value of the property transferred.” N.J.S.A 54:34-5. In determining the clear market value of the property, the Act clearly specifies what may be deducted. The Act provides:
In determining the clear market value of the property the following deductions and no others shall be allowed:
Debts of decedent; exception, a. Debts of the decedent owing at the date of death, except that debts of a resident decedent owing for or secured by property outside this state shall not be allowed unless:
*503 (1) The property for which the debt is owing or for which it is secured is subject to the tax imposed by said chapters 33 to 36; or,
(2) The foreign debt exceeds the value of the property securing it or for which it was contracted, when the excess may be deducted;
Funeral and last illness expenses, b. A reasonable sum for funeral expenses and last illness.
Administration expenses; fees of executors and attorneys, c. The ordinary expenses of administration, including the ordinary fees alloiued executors and administrators and the ordinary fees of their attorneys.
Proportion of state, county and local taxes, d. Such proportion of the state, county and municipal taxes upon the property for the current fiscal year as the elapsed portion of the said year bears to the full calendar year.
Transfer taxes of other states or United States, e. Transfer taxes paid or payable to other states or territories or the District of Columbia or foreign countries on any property the transfer of which is taxable hereunder, but the amount due or paid the government of the United States as a federal estate tax shall not be considered as an expense of administration and shall not be allowed as a deduction.
[N.J.S.A. 54:34-5 (emphasis added).]
The Director contends that N.J.S.A. 54:34-5(c) is ambiguous because it fails to define “ordinary expenses of administration and ordinary fees allowed executors and administrators,” claiming that neither the statute’s legislative history nor any other provision of N.J.S.A. 54:34-5 clearly states how the deduction should be calculated. Under such circumstances, the Director argues, it is necessary to look to the regulations to ascertain what the Legislature intended.
The regulations the Director cites as pertinent are N.J.A.C. 18:26-7.1, -7.4 and -7.10. N.J.A.C. 18:26-7.1 provides:
The New Jersey Transfer Inheritance Tax is imposed upon the transfer of property based upon the clear market value of such property. Clear market value is ascertained by deducting from the market value of any property, the debts, expenses and taxes which constitute an encumbrance upon the property of a decedent. No deductions are allowed, however, against any property which is exempt or not subject to the New Jersey Inheritance Tax.
[Emphasis added.]
N.J.A.C. 18:26-7.4 provides:
The balance of a mortgage owing on the date of death is allowed as a deduction from the value of any real property securing such mortgage, except that in the case of realty held by a decedent and a surviving spouse as tenants by the entirety, the amount of any mortgage owing on such realty at the decedent’s death is not allowable as a deduction since such property is exempt from the New Jersey Inheritance Tax.
*504 [Emphasis added.]
N.J.A.C. 18:26-7.10(a) provides in pertinent part:
In the absence of a judgment of the court exercising jurisdiction over the probate of an estate, the deduction for executor’s or administrator’s commissions shall be determined in accordance with N.J.S.A. 3B:18-14[1] as of the date of death of decedent as follows:

First $ 200,000 of corpus 5 percent

Next 800,000 of corpus 3]i percent
Excess over 1,000,000 of corpus 2 percent
[Emphasis added.]
There is no dispute that, the corpus received by the fiduciary as set forth in N.J.S.A. 3B:18-14 is $172,500.
In support of his contention that the regulations set forth above disallow a deduction for “ordinary expenses of administration” based on the gross value of the property, the Director relies on the holding of In re Estate of Talakowitsh, supra, 127 N.J.Super. 290, 317 A.2d 371. In that case, the Appellate Division looked at the language promulgated by the Director in N.J.A.C. 18:26-7.10 to determine what are the ordinary fees that may be deducted for inheritance tax purposes under N.J.S.A. 54:34-5(c), and found:
The Director's regulation determines what such “ordinary'' fees are. We hold that the promulgation of N.J.A.C. 18:26-7.10 is a reasonable regulation to prevent evasion of taxes on the value of property which the executrix inherited and was well within the authority of the Director to promulgate.
[Estate of Talakowitsh, supra, 127 N.J.Super. at 293, 317 A.2d 371 (emphasis added).]
*505 However, Estate of Talakowitsh had nothing to do with N.J.A.C. 18:26-7.1 and -7.4 (which the Director also cites in the present case), and whether those regulations limit the allowable deduction for “ordinary expenses of administration” to the net value of the property only.[2] Here, it is not in dispute whether the Director has the authority to promulgate regulations in the face of legislative ambiguity. N.J.S.A. 54:50-1. This court agrees with the Director that the Appellate Division in Estate of Talakowitsh resolved that issue.
This court observes, however, that since the Appellate Division found N.J.A.C. 18:26-7.10 to be “a reasonable regulation ... well within the authority of the Director to promulgate,” Estate of Talakowitsh, supra at 293, 317 A.2d 371, (emphasis added), then there is no dispute that “ordinary expenses of administration” as used in N.J.S.A. 54:34-5(c), means 5% of the first $200,000 of coipus of the Estate (i.e. 5% of the gross value of $172,500), pursuant to N.J.A.C. 18:26-7.10(a). In other words, any ambiguity as to what “ordinary expenses of administration” meant before Estate of Talakowitsh was resolved by the court’s upholding the Director’s authority to promulgate N.J.A.C. 18:26-7.10.
The Director misapplies the holding of Estate of Talakowitsh as precedent for disallowing the deduction of the “ordinary expenses of administration” from the gross value of the Estate. To that end, the Director invokes N.J.A.C. 18:26-7.1, which provides in part that, “no deductions are allowed ... against any property which is exempt or not subject to the New Jersey Inheritance Tax.” (Emphasis added). The Director reasons that since the morigage is deductible from the coipus of the Estate pursuant to *506 N.J.A.C. 18:26-7.4, then the mortgage amount is exempt property, not subject to the Act, pursuant to N.J.A.C. 18:26-7.1. Therefore, no deductions are allowed against exempt property. The court rejects the Director’s reasoning.
The Director applies the regulations in such a way as to equate the terms debt and mortgage with propeHy which is exempt or not subject to the Act. The Director, however, cites no authority for this interpretation other than a long-standing policy (discussed below), and the authority to promulgate regulations to clarify alleged statutory ambiguities, pursuant to Estate of Talakowitsh.
Much to the contrary, the court finds that, under the plain language of N.J.A.C. 18:26-7.1 and -7.4, the terms debt and moHgage are separate and distinct from propeHy which is exempt or not subject to the Act, and are clearly not intended to mean the same thing. This distinction of the stated terms is pervasive throughout Chapter 26 [3] of the regulations in general, and Sub-chapter 7[4] thereof in specific. See N.J.A.C. 18:26-1.1 (defining the terms, Estate and PropeHy, t ogether, without any reference to the terms debt or moHgage) (emphasis added). The terms debt and moHgage are not defined under N.J.A.C. 18:26-1.1. See the following: N.J.A.C. 18:26-7.1 (providing that, “[cjlear market value is ascertained by deducting from the market value of any propeHy, the debts, expenses and taxes which constitute an encumbrance upon the propeHy of a decedent.”) (emphasis added); N.J.A.C. 18:26-7.2 (providing that, “[a]ll debts ...are deductible from the propeHy ____”) (emphasis added); N.J.A.C. 18:26-7.3 (providing that, “[t]he debts ... for... real property outside this State are not [deductible] unless such debt exceeds the value of the propeHy securing it____”) (emphasis added); N.J.A.C. 18:26-7.4 (providing that, “[t]he balance of a moHgage ... is allowed as a deduction from the value of any real propeHy securing such moHgage____”) (emphasis added).
*507 The court finds the plain language of the stated regulations to indicate that all allowable deductions should be made from the gross value of any property subject to the Act, so long as the property as a whole is not exempt or otherwise not subject to the Act. N.J.A.C. 18:26-7.1 and -7.4. Furthermore, there is no indication that allowable deductions pursuant to N.J.S.A. 54:34-5(c) should be calculated in any other fashion than by taking the statutory percentage allowed by N.J.S.A. 3B:18-14 and applying it to the gross estate. The Director’s interpretation goes beyond a reasonable reading of all applicable statutes and regulations. The case law supports the court’s findings.
In Estate of Widenmeyer, 70 N.J. 458, 360 A.2d 396 (1976)[5], our Supreme Court held that corpus commissions awarded by a court should be arrived at by the “application of a percentage to a prescribed base.” Id. at 461, 360 A.2d 396 (quoting Estate of Moore, 50 N.J. 131, 140, 232 A.2d 641 (1967)). In determining what values should make up the base amount, the Court stated:
The base continues to be “all sums wliich come into the hands” or “receipts,” terms which are synonymous and refer to the gross estate received by the fiduciary at commencement plus gross increases during the course of administration.
[Ibid. (Emphasis added).]
Furthermore, the Court stated that commissions should be “calculated upon the value of the real estate so sold and that the amount of such commissions be deductible in the determination of the inheritance tax.” Id. at 462, n. 1, 360 A.2d 396.
It is clear from Widenmeyer that the base amount from which the commissions should be calculated is “the gross estate." Id. at *508 461, 360 A.2d 396 (emphasis added). Accordingly, the base amount in this ease is $172,500.00, the actual amount that represents “the value of the real estate so sold.” Id. at 462, n. 1, 360 A.2d 396.
The Director’s reasoning is in direct conflict with the holding of Widenmeyer. The court notes that Widenmeyer was decided by the Supreme Court of New Jersey, two years after the Appellate Division decided Estate of Talakowitsh upon which the Director relies, and several years after the Director’s long-standing interpretation of N.J.S.A 54:34-5(c) began.
Finally, the'Director argues that the interpretation of N.J.S.A. 54:34-5(c) to disallow a deduction for “ordinary fees allowed executors and administrators” on the gross value of the property has been on going for nearly thirty years. Since that interpretation has been consistent and unaltered by legislative action, the Director contends that the long-standing interpretation of N.J.S.A 54:34-5(c) is entitled to great weight by the court.
The Director points to Body-Rite Repair Co., where the Supreme Court held that
There is a well accepted principle that practical administrative construction of a statute over a period of year's without interference by a legislature is evidence of its conformity with the legislative intent and should be given great weight by the Courts.
[Body-Rite Repair Co., supra, 89 N.J. at 545-46, 446 A.2d 515 (citing Automatic Merchandising Council v. Director, Division of Taxation, 127 N.J.Super. 413, 420, 317 A.2d 734 (App.Div.1974)).]
In Body-Rite Repair Co., the statute in question was N.J.S.A. 54:32B-8(ec). Since the adoption of subsection -8(cc), the Court noted that the Director’s interpretation of it remained the same. The Court also noted that although the statute had been repeatedly amended, the Legislature left intact the Director’s uniform administrative construction of subsection 8(cc). Ibid.
The fact pattern of Body-Rite Repair Co. is different from the fact pattern of the present case. Here, N.J.S.A 54:34-5(c) has not been amended since 1935. The Legislature had numerous opportunities to review the long-standing interpretation of the relevant statute in Body-Rite Repair Co., because that statute had *509 been repeatedly amended. That is clearly not the case here. No proofs have been submitted to indicate whether the Legislature is even aware of the Director’s interpretation of N.J.S.A. 54:34 — 5(c), which would seem to be a minimal prerequisite before concluding that the Legislature concurs with that interpretation.
Furthermore, this court finds that the Director’s interpretation of N.J.S.A. 54:34-5(c) constitutes administrative rule-making within the meaning of the Administrative Procedure Act (N.J.S.A. 52:14B-1 to -15) (“APA”), necessitating compliance with the statutory requirements of the APA governing the adoption of agency rules. The terms Administrative rule or rule are defined within the APA in pertinent part as,
[E]ach agency statement of general applicability and continuing effect that implements or interprets law or policy, or describes the organization, procedure or practice requirements of any agency.
[N.J.S.A. 52:14B-2(e) (emphasis added).]
Pursuant to the APA, each agency shall:
[A]dopt rules of practice setting forth the nature and requirements of all formal and informal procedieres ...
[N.J.S.A. 52.14B-3(2) (emphasis added).]
In Metromedia, Inc. v. Director, Div. of Taxation, 3 N.J.Tax 397 (Tax 1981), rev’d, 187 N.J.Super. 562, 455 A.2d 561 (App.Div.1983), rev’d, 97 N.J. 313, 478 A.2d 742 (1984), the Tax Court held that the Director’s method of calculating net business receipts attributable to New Jersey constituted a rule within the meaning of the APA. As such, the adoption of that method was held to be invalid because the Director failed to comply with the requirements applicable to the promulgation of agency rules. The Appellate Division reversed this finding.
The Supreme Court, however, affirmed the Tax Court’s holding. In so doing, the Court found that, “[t]here are several important elements of agency action that in combination serve to define it as either an administrative rule or an administrative adjudication.” Metromedia, supra, 97 N.J. at 328, 478 A.2d 742. The Supreme Court concluded that, “an agency determination must be considered an administrative rule when all or most of the relevant features of administrative rules are present and preponderate in *510 favor of the rule-making process.” Id. at 331, 478 A.2d 742. The Court stated:
Such a conclusion would be warranted if it appears that the agency determination, in many or most of the following circumstances, (1) is intended to have wide coverage encompassing a large segment of the regulated or general public, rather than an individual or a narrow select group; (2) is intended to be applied generally and uniformly to all similarly situated persons; (3) is designed to operate only in future eases, that is, prospectively; (4) prescribes a legal standard or directive that is not otherwise expressly provided by or clearly and obviously inferable from the enabling statutory authorization; (5) reflects an administrative policy that (i) was not previously expressed in any official and explicit agency determination, adjudication or rule, or (ii) constitutes a material and significant change from a clear, past agency position on the identical subject matter; and (6) reflects a decision on administrative regulatory policy in the nature of the interpretation of law or general policy.
LM. at 331-32, 478 A.2d 742.]
The Supreme Court concluded that “[t]hese relevant factors can, either singly or in combination, determine in a given ease whether the essential agency action must be rendered through rule-making or adjudication.” Id. at 332, 478 A.2d 742. This court finds that the Director’s interpretation of N.J.S.A. 54:34-5(e) at minimum, “is intended to be applied generally and uniformly to all similarly situated persons; ... prescribes a legal standard or directive that is not otherwise expressly provided by or clearly and obviously inferable from the enabling statutory authorization; ... [and] reflects a decision on administrative regulatory policy in the nature of the interpretation of law or general policy.” Id. at 331-32, 478 A.2d 742, and therefore constitutes administrative rule-making. As such, the statutory requirements of the APA governing the adoption of agency rules must be followed. N.J.S.A. 52:14B-3(2). Here, they were not.
When deciding a motion for summary judgment under R. 4:46-2, the court must determine whether a genuine issue as to any material fact exists. To do this, the court decides
whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational fact finder to resolve the alleged disputed issue in favor of the non-moving party.
[Brill v. Guardian Life Ins. of Am., 142 N.J. 520, 523, 666 A.2d 146 (1995).]
*511 Pursuant to the above analysis, the court finds the base amount from which an administrator’s commission is calculated refers to the gross estate. Accordingly, the court finds that there are no “genuine issues ... [as to any] material fact challenged.” Ibid.
The Estate’s motion for summary judgment is therefore granted. On the cross-motion, since the court has found in the Estate’s favor, the Director’s cross-motion for summary judgment is denied.

NJ.S.A. 3B:18-14 defines how an administrator’s commission may be calculated. That statute states in pertinent part:
Commissions on all corpus received by the fiduciaiy may be taken as follows:
5% on the first $200,000 of all corpus received by the fiduciary;
3.5% on the excess over $200,000 up to $1,000,000;
2% on the excess over $1,000,000; and
1% of all corpus for each additional fiduciary provided that no one fiduciary shall be entitled to any greater commission than that which would be allowed if there were but one fiduciary involved.
[N.J.S.A. 3B:18-14.]

 In Estate of Talakowitsh, supra, 127 N.J.Super. 290, 317 A.2d 371, decedent left a gross estate, which included the value of decedent’s homestead and the value ot jointly held property. Id. at 292, 317 A.2d 371. Neither of these properties was sold during the administration of the estate. Pursuant to N J.A.C. 18:26-7.10, the Transfer Inheritance Tax Bureau excluded the total value of such property from the gross estate in calculating the permissible deduction for executor’s commissions. At that time, NJ.A.C. 18:26-7.10 disallowed deductions on the value of real property as well as jointly held property. Id. It is noted that Estate of Talakowitsh was decided before Title 3A was amended by Title 3B.

 N.J.A.C. 18:26-1.1 to-12.12.

 NJ.A.C. 18:26-7.1 to-7.18.

 The court notes that the Supreme Court in Widenmeyer, interpreted N.J.S.A. 3 A: 10-2 which was the statute used to calculate the commissions before the adoption of N.J.S.A. 3B:18-14. Other than the actual commission rates, the former and current statutes are essentially the same. As the Supreme Court stated, "N.J.S.A. 3A:10-2, provides that corpus commissions of a fiduciary shall be determined as a percentage of the ‘corpus that comes into the fiduciary's hands.' " Widenmeyer, supra, 70 N.J. at 461, 360 A.2d 396. N.J.S.A. 3B: 18-14 states in pertinent part “Commissions on all corpus received by the fiduciary may be taken as follows ..." Both statutes use the corpus received by the fiduciary as their base. Therefore, the Court’s interpretation of the earlier statute is still applicable to the current statute.